JAMES S. MURPHY
v.
MATTHEW DWYER.

FORCIBLE DETAINER—WILLFUL HOLDING OVER.—In forcible detainer for willfully holding over after the termination of the tenancy and notice to quit, the gist of the action is the holding over, and this must be proved by the plaintiff or there can be no recovery.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed July 25, 1882.

Mr. C. S. BEATTIE, for appellant; that plaintiff must show a withholding of possession before he can recover, cited Rev. Stat. 1874, Chap. 57, § 5; Wheeler v. Fish, 2 Bradwell, 447; Doty v. Burdick, 83 Ill. 478.

A verdict unsupported by evidence can not stand: Ragor v. Kendall, 70 Ill. 95.

An equitable estoppel can not be set up in a court of law: Bigelow on Estoppel, 599.

Equitable titles created by parol and not within the statute of frauds, can only be enforced in chancery: Mills v. Graves, 38 Ill. 467; Blake v. Fash, 44 Ill. 302.

One of the essentials of an estoppel *in pais* is that it must have been acted upon: The People v. Brown, 67 Ill. 437; Davidson v. Young, 38 Ill. 153.

If the element of fraud or injury is wanting there is no estoppel: Flower v. Ellwood, 66 Ill. 438; Chandler v. White, 84 Ill. 435.

Mr. J. N. BARKER, for appellee; as to the right to recover, cited Carter v. Marshall, 72 Ill. 609.

Where a party knowingly suffers another to purchase land without making known his claim to it, he is estopped from afterward asserting his claim: Cochrane v. Harrow, 22 Ill. 345; Lloyd v. Lee, 45 Ill. 277; Mills v. Graves, 38 Ill. 465.

Murphy v. Dwyer.

BAILEY, J.  This was an action of forcible detainer brought by Matthew Dwyer, a landlord, against James S. Murphy, his tenant, charging the defendant with holding possession of certain premises without right, after the determination of the tenancy by notice to quit.   The evidence establishes the relation of landlord and tenant between the parties, and shows possession by the tenant and the payment of rent for a certain time prior to July 1, 1881, and that on that day the plaintiff caused a written notice to be served on the defendant to quit and deliver up possession of said premises to the plaintiff within thirty days from that date.   There is no evidence in the record, however, showing or tending to show that after the expiration of said thirty days the defendant continued in possession of said premises, or neglected or refused to surrender the same to the plaintiff.   On this evidence there was a verdict and judgment for the plaintiff.

The gist of the plaintiff's action is for the wrongful holding over by the tenant after termination of his tenancy, and it is manifest that, in the absence of proof of such holding over, there can be no recovery.

As no evidence on that subject was submitted to the jury, the verdict can not be sustained.   A precisely similar question was considered in Hersey v. Westover, decided at this term, *ante*, 197 and what was said in the opinion in that case is applicable here.

There was a conflict in the evidence as to the terms of the defendant's tenancy, it being insisted by the plaintiff that it was merely a tenancy from month to month, while the defendant claims to hold the premises under a lease for a term of five years, executed to him by the plaintiff's grantor.

As the case must be submitted to another jury, we forbear discussing the evidence, but for the reason above stated the judgment will be reversed and the case remanded.

Judgment reversed.