Springer v. Cooper.

## THOMAS G. SPRINGER ET AL.
## v.
## JOSIAH P. COOPER.

1. PROPOSITION AND ACCEPTANCE.—In determining the question of acceptance of a proposition, regard must be had to the surrounding circumstances and whether they indicate that the proponent intended or expected an acceptance in terms. So, where, in reply to a proposition by letter to rent certain lands, the owner gave consent qualified as to some of its terms, and saying that if they did not receive a call from him within a certain time they might have the land upon the terms then given in his reply, *held*, that under the circumstances an acceptance in terms was not necessary, and the act of appellants in taking possession of the lands and doing work thereon constituted an acceptance.

2. FORCIBLE DETAINER—SEPARATE OCCUPATION.—Testimony tending to show that appellants occupied the tract in severalty, was admissible in an action of forcible detainer against them jointly.

APPEAL from the County Court of Madison county; the Hon. M. G. DALE, Judge, presiding. Opinion filed September 29, 1882.

Messrs. IRWIN & SPRINGER, for appellants; that it was error to join all the parties as defendants in this suit, their interest being in severalty, cited Reynolds v. Thomas, 17 Ill. 207.

Messrs. METCALF & BRADSHAW, for appellee; that where a proposition is met by a counter-proposition or a change from the first, there is no contract until the latter is accepted, cited Carr v. Duval, 14 Pet. 77; McConnell v. Brillhart, 17 Ill. 354; Elason v. Henshaw, 4 Wheat. 226; Davidson v. Porter, 57 Ill. 300.

It is for the jury to determine from the evidence whether there is a contract: Ill. Cent. R. R. Co. v. Cassell, 17 Ill. 389; Sigsworth v. McIntyre, 18 Ill. 126; Taylor v. W. U. Tel. Co. 60 Ill. 421.

A verdict will not be set aside where the testimony is conflicting, even though it is against the weight of the evidence: Creote v. Willey, 83 Ill. 444; McKichan v. McBean, 45 Ill. 228; Keith v. Fink, 47 Ill. 272; Hope Ins. Co. v. Lonergan, 48 Ill. 49; McCarthy v. Mooney, 49 Ill. 247; Clifford v. Laing, 69 Ill. 401; Guerdon v. Corbitt, 87 Ill. 272; Morgan v Ryerson, 20 Ill. 343; Martin v. Ehrenfels, 24 Ill. 187; Pulliam v. Ogle, 27 Ill. 189; Chicago v. Garrison, 52 Ill. 516; Galesburg v. Higley, 61 Ill. 287; Chicago v. Jorgenson, 60 Ill. 200.

BAKER, P. J. George J. Gillham of Memphis, Tennessee leased a tract of land situate in Madison county, Illinois, to David Morgan and Austin Jones by lease, which expired on the last day of December, 1881. On the 4th day of October, 1881, Thomas G. Springer, one of the appellants, mailed a letter to Gillham at Memphis, proposing on behalf of himself and said Jones, to rent the land for a term of years, Jones to take the north half and he the south half, all of the land that could be cultivated to be put in cultivation, and five dollars per acre to be paid, etc. This letter was answered through the mail by Gillham from Memphis, on the 8th of October, 1881, as follows: " Dear sir—Expect to be in your county early next week; should I not call or communicate further in course of two or three days, you and Jones can rely on having land on terms proposed for next year. Want all the land susceptible of cultivation put in cultivation so as to increase the acreage as much as possible. Rent, I suppose, ought to be

due out of wheat crop, say September 1st. How would that time suit?" Gillham was in Edwardsville, Illinois, on the 15th, 16th and 17th days of October, 1881, but did not call on or communicate with Springer or Jones. On the morning of the 17th, he made a contract for the sale of the land to appellee, Cooper, and went back to St. Louis, and on the same day mailed to Springer a postal card notifying him of the sale to appellee. He, then, by deed dated October 19th, 1881, conveyed the land to appellee. Afterward appellee prosecuted this suit under the forcible entry and detainer act against Springer, Jones, Morgan and one George Ripper, appellants, to get possession of the land; and the case being tried, on appeal, in the County Court of Madison county, recovered a joint verdict and judgment against them for the entire tract.

The letter of Gillham was written on Saturday, the 8th day of October. It said, "I expect to be in your county early next week;" "early next week" would surely not be later than the middle of the business week, say, Wednesday, the 12th; and the letter further said, "should I not call or communicate further in course of two or three days, you and Jones can rely on having land on terms proposed for next year." The language is somewhat ambiguous as to whether the "two or three days" indicated, meant two or three days from the date of the letter, or two or three days from the time of its reception, or two or three days from the date of his arrival "early next week" in the county. The general rule is that where ambiguous language or words of doubtful import are used, they are to be construed most strongly against the party who has chosen the expression of doubtful meaning. But, be this as it may, under any reasonable interpretation that can be given to the words of Gillham, the two or three days suggested by him had expired before he made the contract of sale with appellee and notified Springer of that fact. The letter of Gillham should be read in the light of the surrounding circumstances, so as to ascertain the real intention of the writer. The letter did not simply and fully accept the contract proposed in the letter of Springer; it mod-

ified the propositions there made, by suggesting the renting should be for one year instead of three, and that the rents should be due in September, instead of at the end of the year. Springer, in writing his proposition of October 4th, had requested Gillham to let him " know at once " if he could have the land, and he closed by asking for "a favorable answer soon." The two letters show that Gillham knew a portion of the land had been that year in wheat, and that it was intended to put it in wheat again for the coming year; and he must have known the season was very far advanced for breaking up for wheat. Read in the light of the surrounding circumstances, it is evident the letter of Gillham did not contemplate there would be a written acceptance of the modifications proposed, as there would be no opportunity for such acceptance, the letter being written on Saturday, and the writer expecting to be in Madison county—(and also in St. Louis on business there, as is shown by his testimony on the trial)— early the coming week, and to see Springer and Jones in person. It was evidently intended by the writer, that unless he called or communicated further within the time limited, then Springer and Jones could rely on having the land, but only for one year, and with the understanding the rent would be payable in September; and that in the contingency of his not writing or coming, they might proceed to break up for and put in their wheat and otherwise prepare for the crop year of 1882; and that such acts on their part would be sufficient notification of acceptance of the modifications. Although the change in the terms made the case that of a new proposition, yet the privilege of accepting this new proposition, in the event Gillham did not call or communicate further within two or three days, was given Springer and Jones, and all they had to do in order to make this new proposition a contract, was to signify their acceptance of it. The acceptance of a proposal may be indicated in various ways, depending upon the varying circumstances of each particular case, but always, necessarily, in the manner contemplated by the party from whom the offer emanates. On the trial of this case, appellants proposed to prove by a number of witnesses, that after the receipt

of Gillham's letter of October 8th, Springer called on his co-defendant, Jones, and notified him of its contents, and that they thereupon arranged for the use and occupation of the land for the year 1882, Jones to take the north half and Springer the other half, and that Jones, before notice of the sale to appellee, plowed up a portion of his half and afterward put fifteen acres of it in wheat, relying on the statements contained in Gillham's letter as his authority for so doing; and that Springer, before notice of the sale to plaintiff, and after the receipt of Gillham's letter, sub-let portions of his half to defendant Ripper, and afterward rented another portion to defendant Morgan. The court excluded their testimony from the jury. In the view we have taken of the case, this action of the court was erroneous. The question of the existence or non-existence of a contract is a question of fact for the jury. The proposed evidence was competent as tending to show the acceptance by Springer and Jones of the proposition as modified, by their acting under it, in the way had in view by the proponent. This testimony furthermore, was admissible as tending to show in what manner appellants held the land; that they each held a portion of the tract in severalty. If such was the case, then although there would be a right of recovery against all, the suit being otherwise made out, yet the recovery would be several, according as the actual holdings of the several defendants were respectively found to be. See Forcible Entry and Detainer Act, Sec. 15. But this evidence was excluded, and the recovery was against all the appellants for the entire tract. For the error in refusing to allow this testimony to go to the jury, the judgment of the court is reversed and the cause remanded.

Reversed and remanded.