ADOLPH D. GODARD ET AL.

v.

ABRAHAM LIEBERMAN.

FORCIBLE ENTRY AND DETAINER—PARTIES DEFENDANT.—In an action of forcible detainer, the wrongful possession of the defendant is of the gist of the action. The judgment in this case can not be sustained as a portion of the defendants are not proved to be in possession, and as the judgment is entire and indivisible, if reversed as to them it must be reversed as to all the defendants.

Godard v. Lieberman.

Appeal from the County Court of Cook county ; the Hon. Richard Prendergast, Judge, presiding.   Opinion filed February 23, 1886.

Mr. Joseph Pfirshing, for appellants ; that the wrongful possession is of the gist of the action, cited Hersey v. Westover, 11 Bradwell, 197 ; Murphy v. Dwyer, 11 Bradwell, 246.

Messrs Gary, Cody & Gary, for appellee.

Bailey, P. J.   This was an action of forcible detainer, brought by Abraham Lieberman against Joseph Barbier and twenty-two others, to recover possession of lot 20, block 111, School Section addition to Chicago.   At the trial before the court, a jury being waived, all the defendants, with the exception of Barbier, were found guilty of forcible detainer of said premises, and judgment was rendered against them for a restitution of the premises and for costs, and all the defendants convicted have appealed to this court.

The plaintiff claims title to said lot by grant from the heirs and legal representatives of Henry Ritchie, deceased.   Barbier had been in possession of said lot for several years, under a lease from the executor of said Henry Ritchie, and it appears that some months prior to the commencement of the suit he had assigned his leasehold interest in the premises to Adolph D. Godard, another of the defendants.   Four houses were standing on the lot, built, as it seems, by Barbier, and these houses were in the actual occupancy of a large number of persons of Italian nationality, said occupants being in possession as tenants of Barbier and subsequently of Godard.

We are inclined to the opinion that there was sufficient evidence to warrant the court in finding that the tenancy under the lease to Barbier had been terminated before the commencement of the suit.   Some of the defendants are shown to have been in possession of the premises or some part of them, at the time the suit was brought, as tenants of Godard.   As to a considerable number of them, however, the record contains no such proof.   The only witness by whom the plaintiff sought

to identify the defendants and to prove their occupancy of the premises, testifies, positively, that several of them were not occupants of the premises, and as to several others, he testifies that he does not know them and has no knowledge of their being in possession. This radical defect in the proof is not obviated in any material degree, so. far as we can discover, by any facts or circumstances appearing in evidence.

The statute gives to a lessor an action of forcible detainer when his lessee, or any person holding under him, holds possession of the demised premises without right, after the determination of the tenancy. It is plain that the wrongful possession of the defendant is of the very gist. of the action. Unless that is shown, no recovery is authorized. We are unable to see then how the judgment in this case can be sustained as to the defendants not proved to be in possession, and as the judgment is entire and indivisible, if reversed as to them, it must be reversed as to all the defendants convicted.

There was some evidence tending to show that the several occupants of the premises in controversy held possession of different parts in severalty. If such was the fact, the fifteenth section of the statute in relation to forcible entry and detainer required that the judgments should be several, according as the actual holdings of the defendants were respectively found to be.

As the evidence does not sustain the judgment, it will be reversed and the cause remanded.

Judgment reversed.