## THOMAS L. HUMPHREVILLE ET AL.
### v.
## JOHN T. DAVIS.

*Landlord and Tenant—Forcible Entry and Detainer—Extent of Recovery.*

While all the different occupants of premises included within a single lease may be joined in an action of forcible entry and detainer, the recovery against an individual defendant must be limited to such portion of the premises as is actually withheld by him.

[Opinion filed August 1, 1888.]

Appeal from the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding.

Messrs. Rufus King and M. S. Bowen, for appellants.

Mr. Franklin P. Simons, for appellee.

Moran, P. J. This was an action for forcible entry and detainer, commenced in justice court against the appellants impleaded with Chester Kinney and D. W. Castle. Judgment was entered in the justice court against all the defendants for the entire premises described in the contract. The case was appealed to the Circuit Court by appellants, and on the trial, on appellee's motion, the suit was dismissed as to the defendants Kinney & Castle.

On the trial it appeared that appellants had leased rooms 23, 24 and 25, of No. 167 and 169 Washington Street, Chicago, by a written lease for a term from May 1, 1884, to April 30, 1885, and that appellants sublet room 25 to Kinney & Castle, until May 1, 1885. On June 5, 1885, at the time of the commencement of this suit, appellants were occupying rooms 23 and 24, and Kinney & Castle were occupying room 25. The uncontradicted testimony of appellants showed that Kinney & Castle did not hold possession of room 25 at the time of the commencement of this suit, or at any time after the first of May, 1885, at the request of or by authority of appellants, and that appellants had no possession or control whatever of said room 25 after said first day of May, 1885, but were in possession of rooms 23 and 24.

The court rendered a judgment against appellants for unlawfully withholding the entire premises. Under the evidence in this case such judgment was erroneous. In an action of forcible entry and detainer, the holding of the possession against the plaintiff is the foundation of the action, and like any other substantial fact must be proved in order to warrant a judgment. It must be shown that the defendant actually

detains the possession himself, or that he has delivered it to another to be held for him.

Under our statute, where there has been one lease for the whole of certain premises, and the actual possession thereof at the commencement of the suit shall be in severalty, while all the different occupants may be joined in one suit, yet the recovery against them shall be several according to their actual holding. Sec. 15, Chap. 57, R. S.

Kinney & Castle went in under appellants, it is true, but there was no proof whatever that they held over after the expiration of appellants' lease from appellee, as the tenants of appellants or with appellants' authority. They could be joined with appellants as defendants to the suit for the recovery of the entire premises, and had they been retained as defendants, judgment could have been taken against them for the portion of the premises which they should be shown to hold possession of. But no judgment could be taken against them for recovery of the rooms of which appellants withheld the possession, and neither can a judgment be sustained against appellants for the room which the proof shows said Kinney & Castle withheld. The recovery against the several parties is required to be, "according as their actual holding shall respectively be found to be."

The fact that the entire premises were leased to the appellants does not authorize a recovery against them in forcible entry and detainer for any portion of the premises which they were not shown to withhold. Godard v. Lieberman, 18 Ill. App. 366; Hersey v. Westover, 11 Ill. App. 197; Murphy v. Dwyer, 11 Ill. App. 246; Springer v. Cooper, 11 Ill. App. 267.

The judgment against the appellants for the entire premises was unauthorized, and must therefore be reversed and the case remanded.

*Reversed and remanded.*