## Mary Bender, Appellee, v. Herman Bender, Appellant.

1. APPEAL AND ERROR—*stipulation as curing error in admission of evidence.* Error, if any, in permitting plaintiff in a forcible detainer suit to testify that defendant was indebted to her in a stated sum for rent, was cured by a subsequent stipulation of the parties that the claim for rent should be withdrawn and that the suit should be prosecuted solely to ascertain the right of possession.

2. FORCIBLE ENTRY AND DETAINER—*when premises sufficiently described.* The identity of premises rented to defendant in a forcible detainer suit was sufficiently shown under the evidence, where the lease described them as 68 acres in the northeast quarter of section 6, town 4 north, range 8 west of the third principal meridian in Madison county, Illinois.

3. WITNESSES—*when cross-examination unduly restricted.* It was error in a forcible detainer suit to refuse to allow defendant to cross-examine plaintiff as to whether or not she had made a verbal lease on a part of the premises sought to be recovered, and in refusing to allow him to develop in full his evidence tending to show that the lessee in such verbal lease had shown the part leased to him in wheat.

4. FORCIBLE ENTRY AND DETAINER—*when refusal of instruction erroneous.* It was error in a forcible detainer suit to refuse an instruction offered by defendant setting forth what notice was necessary to be given by one seeking to terminate a tenancy from year to year, and submitting the question as to whether or not prior to the time of the notice in question had been served, plaintiff had forcibly taken possession of the premises, and stating that if possession had been so taken of such part plaintiff would not, as to such part, be entitled to recover.

5. FORCIBLE ENTRY AND DETAINER—*when instruction improperly refused.* An instruction was improperly refused in a forcible detainer suit, which stated that the burden was on plaintiff to show that the premises sought to be recovered were in possession of the defendant and he was withholding the same, and that if the jury believed that plaintiff leased a part of such premises to a third person who took possession before the commencement of suit, then, as to such part, plaintiff was not entitled to recover.

6. FORCIBLE ENTRY AND DETAINER—*when instruction as to form of verdict erroneous.* In a forcible detainer suit in which defendant claimed that plaintiff had verbally leased part of the premises described in the complaint to a third person, it was error for the court, in instructing the jury as to the form of their verdict, to

state that if the jury found for plaintiff the form of their verdict should be that plaintiff was entitled to the possession of the premises described in the complaint and that defendant unlawfully withheld the same, as thus the question as to whether plaintiff was entitled to recover only part was ignored.

Appeal from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this curt at the October term, 1920. Reversed and remanded. Opinion filed March 30, 1921.

KEEFE & BAXTER, for appellant.

GEERS & GEERS, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

A suit in forcible entry and detainer was brought by appellee against appellant in the circuit court of Madison county. The complaint filed in said cause described the premises sought to be recovered and charged that appellee was entitled to the possession of the same and that appellant unlawfully withholds possession thereof from her, and further charging that appellant was in arrears for rent and was indebted to appellee therefor in the sum of $340.

A plea of not guilty was filed by appellant and also a special plea setting forth that distress proceedings had been brought by appellee against appellant to collect certain rents alleged to be due from him to her and that said cause was pending and undetermined at the time this suit was brought. On the trial it was stipulated that the claim for rent should be withdrawn in this suit and that it should be prosecuted solely to ascertain whether or not appellee was entitled to the possession of the premises involved.

A verdict was returned by the jury finding the appellee was entitled to recover possession of the premises described in the complaint. Appellant made a motion for a new trial which was overruled and judgment was rendered in favor of appellee for the

possession of the premises. Appellant prosecutes this appeal to reverse said judgment.

It is first contended by appellant that the court erred in its rulings on the evidence. Before the stipulation was entered into, appellee was allowed to testify, over the objection of appellant, that appellant was indebted to her in the sum of $340 for unpaid rent. We think this error, if it was an error, was cured by the stipulation of the parties, as after such stipulation no further proof was offered in reference to the rent. The lease offered in evidence by appellee described the premises in question as 68 acres in the northeast quarter of section 6, town 4 north, range 8 west of the third principal meridian, situate in the county of Madison and State of Illinois. It is contended by appellant that the identity of the premises rented with the premises sought to be recovered was not sufficiently shown. However, we are inclined to hold that the evidence sufficiently showed that the premises rented to appellant were properly described in the complaint.

The most serious contention made by appellant with reference to the rulings of the court on the evidence is that the court refused to allow appellant to cross-examine appellee with reference to whether or not she had made a verbal lease or letting of a certain part of the premises sought to be recovered to one Klenke for the purpose of sowing wheat and in refusing to allow appellant to develop in full his evidence tending to the effect that Klenke rented certain of said premises and sowed the same in wheat. We are of the opinion that this assignment of error is well taken and that the court should have admitted the proof offered.

It was also contended by appellant that the court erred in refusing two instructions offered by him, said instructions being as follows:

"The court instructs the jury that if you believe the

defendant was a tenant of the plaintiff from year to year of some real estate which the plaintiff had previously rented to the defendant and that the plaintiff desired to terminate the tenancy of the defendant to such property, then under the laws of this State she was required to give him notice, within the last four months of the year, and sixty days previous to the end of the year, in writing, describing the premises she desired to terminate his tenancy to, and although you may believe from the evidence in this case that the plaintiff did serve a written notice on the defendant sixty days before the end of the year and within the last four months thereof and included in such notice lands which the plaintiff had forcibly taken possession of or caused another to forcibly take from the defendant before the serving of such notice, then as to such land she is not entitled to recover in this action.''

''The court instructs the jury that you cannot find the defendant guilty in this case unless the plaintiff has established by the preponderance of the evidence, that the land which she is demanding the possession of in this action is held by the defendant in possession as tenant, and also that the defendant was holding the possession of the same forcibly and against her will at the time this action was begun, and if you believe from the testimony in this case that the plaintiff leased some portion of such premises or all of the same to some one other than the defendant and that such person took possession of the premises or some part thereof, with the knowledge and consent of the plaintiff before the time this action was commenced then as to such premises, the plaintiff is not entitled to recover against the defendant in this action.''

The first of these refused instructions sets forth what notice was necessary to be given by one seeking to terminate a tenancy from year to year and submitted to the jury the question as to whether or not prior to the time the notice in question had been served, the plaintiff by herself, or through some other

person, had forcibly taken possession of a part of said premises from the appellant; and also instructed the jury that if possession had been so taken of a part of said premises, she would not, as to such part, be entitled to recover.

The second refused instruction advised the jury that the burden of proof was on appellee to show by a preponderance of the evidence that the premises she was seeking to recover were in the possession of appellant and that appellant was withholding the same from her and that if they believed from the evidence that appellee leased a portion of said premises to some other person, and that such other person had taken possession thereof with the knowledge of appellee before said action was commenced, that then as to such premises appellee would not be entitled to recover. While not in the best form, we believe both of these instructions set forth correct principles of law and should have been given. *Fitzgerald v. Quinn,* 165 Ill. 354; *McIlwain v. Karstens,* 152 Ill. 135; *Rehm v. Halverson,* 94 Ill. App. 627; *Humphreville v. Davis,* 27 Ill. App. 142; *Godard v. Lieberman,* 18 Ill. App. 366.

In *Rehm v. Halverson, supra,* the court at page 630 holds that under section 14 of the Forcible Entry and Detainer Act (J. & A. ¶ 5855), where it appears that the plaintiff is entitled to a part only of the premises claimed, judgment and execution must be for such part only.

In *Godard v. Lieberman, supra,* the court at page 368 says: "It is plain that the wrongful possession of the defendant is of the very gist of the action. Unless that is shown, no recovery is authorized. We are unable to see then how the judgment in this case can be sustained as to the defendants not proved to be in possession."

In *Humphreville v. Davis, supra,* the court at page 143 says: "The court rendered a judgment against

appellants for unlawfully withholding the entire premises. Under the evidence in this case such judgment was erroneous. In an action of forcible entry and detainer, the holding of the possession against the plaintiff is the foundation of the action, and like any other substantial fact must be proved in order to warrant a judgment. It must be shown that the defendant actually detains the possession himself, or that he has delivered it to another to be held for him. * * * The fact that the entire premises were leased to appellants does not authorize a recovery against them in forcible entry and detainer for any portion of the premises which they were not shown to withhold.''

Under the holdings of the court in the above-mentioned cases, the question as to whether or not appellant was in possession of the entire premises mentioned in the complaint and was unlawfully withholding the same from appellee was not properly submitted to the jury.

Appellant also contends that the court erred in instructing the jury as to the form of their verdict, the instruction being as follows: ''If the jury find for the plaintiff, the form of their verdict will be, 'We, the jury, find that the plaintiff * * * is entitled to the possession of the premises described in the complaint, and that the defendant, Herman Bender, unlawfully withholds the possession of the same from the plaintiff.' ''

In view of what we have already said, we are of the opinion this instruction was wrong and that the court should have instructed the jury so as to leave the question as to whether appellee, if entitled to recover at all, was entitled to recover the entire premises mentioned in the complaint, or only a part thereof.

For the reasons above set forth the judgment of the trial court will be reversed and the cause will be remanded.

*Reversed and remanded.*