THE CHICAGO AND ROCK ISLAND RAILROAD COMPANY, Appellant, *v.* MATTHEW M. REID, Appellee.

### APPEAL FROM BUREAU.

The proof must determine as to the right of recovery before a justice of the peace, no matter what name he may give the action.

The bell of a locomotive, or the whistle thereof, should be sounded at a reasonable distance, before approaching a road crossing.

If railroad companies construct cattle guards within the limits of towns, they should keep them in repair.

THIS suit was commenced before a justice of the peace, and appealed to the Circuit Court.

Copy of summons issued by the justice:

STATE OF ILLINOIS, } The People of the State of Illinois, to any Constable
BUREAU COUNTY. } of said County, Greeting:

You are hereby commanded to summon Chicago and Rock Island Railroad Company to appear before me, at my office in Tiskilwa, on the 19th day of August, A. D. 1859, at one o'clock, P. M., to answer the complaint of Matthew M. Reid, for a failure to pay him a certain sum not exceeding one hundred dollars; and hereof make due return as the law directs.

Given under my hand and seal, this 13th day of August, A. D. 1859. I. I. COOK. [SEAL.]

Parties appeared by counsel. Plaintiff claimed damage of defendant for an injury done to plaintiff's mare, by the said defendant, in the running of the cars of the said Chicago and Rock Island Railroad Company. After hearing the testimony in the cause, it is considered by the court that the plaintiff have and recover of the said defendant the sum of one hundred dollars for his damages, and costs of suit.

On the trial, before the evidence was heard, plaintiff's counsel stated to the jury that the suit was brought to recover damages for an injury done to plaintiff's mare by the railroad cars of defendant; that the mare was, at the time of the injury, running at large at or near the village of Tiskilwa.

GLOVER, COOK & CAMPBELL, for Appellant.

LELAND & LELAND, and STIPP, for Appellee.

CATON, C. J. We have often decided that, under our statute, the proof alone must determine the right to recover in an action commenced before a justice of the peace. Although the plaintiff or the justice might call the case ejectment or larceny, the

statute requires the court to hear the proof, and if that makes out a case of which the justice has jurisdiction, the plaintiff is entitled to recover.

We are inclined to agree with the counsel for the plaintiff in error, that the proof shows that this mare was struck by the engine while on the railroad crossing. The proof is also uncontradicted, that the engineer did not sound the whistle or ring the bell as he approached that crossing. The statute makes it the imperative duty of the company to cause the whistle to be sounded, or bell to be rung, at all road crossings. It is due to the public that all, either persons or stock, at or near a road crossing, should be warned of the approach of a train of cars, by the bell or whistle, without taking into consideration the importance of this to the traveling public; and until superintendents can enforce the performance of this duty by engineers, we must expect to hear of accidents at road crossings. It may sometimes be carelessness in intelligent beings to drive upon a crossing when a train is approaching, even though no warning is given by the bell or whistle, while the same intelligence may not be expected from a brute. Had the train been run with proper care, and the whistle sounded or the bell rung, for a reasonable distance upon the approach to this crossing, it may be, and indeed the probability is, that this accident would not have happened. It may be true that the mare had, previous to the accident, been upon the railroad grounds east of the crossing, but she reached the crossing before she was overtaken by the train, and there, without the warning which the law required, she was struck, and carried on beyond the crossing, as the testimony introduced by the defendant below pretty satisfactorily shows.

If the fact was, as the proof tends very strongly to show, that the cattle guard was built within the street, and was therefore within the limits of the town of Tiskilwa, it was the duty of the defendant to keep it in proper order. If it will obstruct the street with cattle guards, it cannot thereby excuse itself from keeping the cattle guard in repair.

The judgment must be affirmed.

*Judgment affirmed.*