## MICHAEL C. McDONALD
### V.
## MARSHALL J. ALLEN ET AL.

*Appeal Bond—Action on—Evidence—Estoppel.*

In an action on an appeal bond, the only issue being as to the affirmance of the judgment in question by this court, it is *held:* That a certified copy of the judgment of affirmance of a judgment of the Circuit Court in a case between the same parties was sufficient evidence, *prima facie,* of the identity of the judgment affirmed and that recited in the bond; and that the evidence submitted by the defendant was insufficient to establish the contrary.

[Opinion filed February 13, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

Messrs. MEECH & ASAY, for appellant.

Mr. L. S. HODGES, for appellee.

McDonald v. Allen.

The order of affirmance put in evidence on the trial of the case conforms, in all respects, to the bond. It imports verity, and it can not be impeached, explained, or its effect evaded in a collateral proceeding. Barnett v. Wolf, 70 Ill. 76; Harris v. Lester, 80 Ill. 307; Divine v. People, 100 Ill. 290.

The position taken by appellant is not quite clear. If he contends that the suit in which this bond was filed is not properly described in the bond, he can not be permitted to show it. Arnott v. Friel, 50 Ill. 174.

He, therefore, to evade this result, contends there is no such case in the Appellate Court as is described in the order of affirmance. This, by the above authorities, he can not do.

If this court could, from the evidence, identify case 46,392 as the same case in which the order of affirmance was made in the Appellate Court, it would still be unable to determine anything upon appellant's proof, because he only produces such portions of various records as suit his purpose, viz., bill and decree from Circuit Court, title page of abstract in Appellate Court, copy of bond in Supreme Court. This court can not know or assume what the remainder of these various records would disclose, and the failure to produce the entire records must be construed against him. Ogden v. Watters, 12 Kas. 282.

GARY, J.  This is an action of debt on the appeal bond, given on an appeal from a judgment of the Circuit Court at the December term, 1886, to this court, and the only issue is upon the allegation in the declaration, denied by the plea, that the judgment described in the bond had been affirmed by this court. The appellees put in evidence a certified copy of the judgment of this court affirming a judgment of the Circuit Court, entitled in a cause wherein the party recited in the bond to have taken the appeal was the appellant, and the parties recited in the bond to have recovered the judgment were appellees. This was sufficient evidence, *prima facie*, of the identity of the judgment recited in the bond and the one affirmed in this court. The appellant then proved (partly by incompetent evidence, but let that pass,) that there was in the

Circuit Court a record of a suit wherein the appellees and one Stevens had recovered the same sum as this bond recited, against the same defendant; that that case was appealed to this court and affirmed, and was taken by writ of error to the Supreme Court, and that the record of it had been taken from this court to that, and was there.

The appellees had put in evidence an execution purporting to be upon the judgment recited in the bond, and that bore the same general number as the suit proved by the appellant. There was, however, no evidence, except the inference from the foregoing, that the judgment of affirmance here, proved by the appellees, was in a case where Stevens was one of the appellees.

The recitals in the bond estopped the appellant to deny that there was such a judgment as therein recited in the Circuit Court, and that from that judgment an appeal was taken to this court.    Arnott v. Triel, 50 Ill. 174.

The evidence of the appellees was sufficient, as before said, *prima facie*, to prove the affirmance of that judgment.    The only way to disprove it, probably, was either to present the complete record as it stood here when the judgment was affirmed, or, by application here, have the record of affirmance amended as to the title of the cause, and then it would have been competent to prove, by parol, that there was no other case here in which the appellees and original defendant were parties.    Had that been done, the question whether there was a fatal variance, or a case where the proof only went beyond and did not contradict the allegation, would have arisen. There is no such question now in the case.    This appellant is only a surety, yet the defense has no equity in it.

After many years of litigation and the judgment of three courts—one of them twice—if the appellees can get one more they will probably get their money.

*Judgment affirmed.*