GEORGE D. BARRETT AND EDWARD J. WHITEHEAD, IMPLEADED, ETC.,

v.

REGINA LINGLE.

*Appeal—Bond—Action of Debt on—Forcible Detainer—Pleading.*

In an action of debt upon a bond executed on an appeal taken from a judgment in behalf of plaintiff in an action of forcible detainer, a condition thereof being that certain rent then or to be due should be paid in case the judgment was affirmed or the appeal dismissed, this court holds that evidence as to the rental value of the premises in question was admissible notwithstanding the absence from the declaration of an averment of detention by defendant, the same being supplied by the plea of payment on his part, the evidence showing his possession at the time in question.

[Opinion filed May 8, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. WHITEHEAD & PICKARD, for appellants.

Messrs. THOMAS DENT and R. P. BLANCHARD, for appellee.

GARNETT, P. J.    Appellee sued appellants and Abel Housinger in an action of debt upon an appeal bond executed to appellee by defendants on an appeal taken by Housinger from a judgment in forcible detainer. The condition of the bond was that Housinger should prosecute his appeal with effect, and pay all rent then due or that might become due before

the termination of the suit, and all damages and loss that the plaintiff might sustain by reason of the withholding of the premises, and by reason of any injury done thereto during such withholding, together with all costs until the restitution of possession to the plaintiff, in case the judgment should be affirmed or the appeal dismissed.

The declaration alleges in due form that on the trial of the appeal, the plaintiff had judgment of restitution and for costs, but that Housinger has not paid the rent that became due before the final termination of the suit, or the damages or loss which the plaintiff sustained by reason of the withholding of the premises, and of the injury thereto during such withholding, or the costs. Evidence was offered on the trial to prove the rental value of the premises. Defendants objected thereto on the ground that there was no averment in the declaration of detention of the premises by Housinger. The objection was overruled and we think properly. The allegation omitted in the declaration was supplied by the plea of payment, which impliedly admitted the withholding by Housinger. 1 Chitty on Pleadings, 671.

The evidence proved that Housinger was in possession of the premises during the time in question. The presumption is his possession was of the same character as it was at the time of the judgment of restitution. There is no rule which warrants the hypothesis that during that time he. was in by some agreement with the plaintiff made subsequently to the giving of the appeal bond. The judgment is affirmed.

*Judgment affirmed.*

GARY, J., took no part in this case.