JOSEPH DAGGITT

*v.*

MARY MENSCH et al.

*Filed at Ottawa May 12, 1892.*

1.  PLEADING—*facts, only, to be alleged.*  It is a familiar rule of pleading that facts only are to be stated in pleading, and not arguments or inferences or matters of law.

2.  SAME—*what demurrer admits.*  A demurrer to a pleading admits only such facts as are well pleaded.

3.  SAME—*declaration on appeal bond.*  The condition of an appeal bond given on appeal from a judgment in an action of forcible entry and detainer was, that if the appellant should prosecute her suit with effect, and should pay the plaintiff all rent then due or that might become due, and all damages and loss, etc., with costs, in case the judgment appealed from should be affirmed or the appeal dismissed. The breach assigned in a declaration on the bond averred that the appellant did not prosecute her appeal with effect, and that on, etc., said suit was finally terminated by order of court then duly entered of record, and averring non-payment of rent: *Held,* on demurrer, that the declaration failed to show facts to fix the liability of the obligors.

4.  By the terms of the bond the obligors were liable only in the event that the judgment appealed from should be affirmed or the appeal dismissed, while the allegation that on, etc., said suit was finally terminated by order of the court then duly entered of record, fails to show any liability, as the order of the court may have been so rendered in favor of the party appealing.

5.  APPEAL BOND—*breach of condition—whether a question of law or of fact.*  Whether an appeal "is prosecuted with effect" is not a question of fact, but a question of law, arising upon facts.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. GEORGE DRIGGS, Judge, presiding.

Suit was brought in the circuit court of Cook county by Joseph Daggitt, against Mary Mensch and Charlotte A. Baker, upon an appeal bond executed in an action of forcible entry and detainer. The amended declaration contains but one count, which is as follows:

"Plaintiff complains of defendants of a plea that they render him $2500 which they owe to and unjustly detain from him; recites that defendants, on August 20, 1887, at Chicago, etc., by their writing obligatory, signed and sealed by them, jointly and severally acknowledged themselves to be held and firmly bound to the plaintiff in the sum of $2500, to be paid to the plaintiff, subject to certain conditions, viz.: that whereas, the plaintiff did, on August 15, 1887, before D. J. Lyon, a justice of the peace for the county of Cook, recover a judgment against said Mary Mensch for the restitution of certain premises, to-wit, the building known as No. 988 West Lake street, in Chicago, and costs of such suit, from which judgment said Mary Mensch had taken an appeal to the circuit court of Cook county, State of Illinois, in which said writing obligatory it was provided that if said Mary Mensch should prosecute her appeal with effect, and should pay to the plaintiff all rent then due and that might become due before the final termination of the suit, and all damages and loss which the said plaintiff might sustain by reason of the withholding of the premises in controversy and by reason of any injury done thereto during such withholding, together with all costs until the restitution of the possession thereof to the plaintiff in case the judgment from which the appeal was taken should be affirmed or the appeal dismissed, then said writing obligatory was to be void, otherwise to remain in full force and effect; and that although said defendant, Mary Mensch, withheld said premises from

the plaintiff from May 15, 1887, until on or about December 16, 1888, to-wit, during the pendency of the appeal above mentioned, and that she, the said defendant, did not prosecute her said appeal with effect, and that on May 26, 1890, said suit was finally terminated by order of said circuit court then duly entered of record, and that the rent of said premises was worth and amounted to the sum of $1710, and was and is withheld from said plaintiff by said defendant, Mary Mensch, together with interest thereon, and that the plaintiff has sustained great loss and damage by reason of said withholding, to-wit, the sum of $1710, and interest thereon, and that, nevertheless, said defendant, Mary Mensch, has not paid the plaintiff said sum of $1710 so due as rent of said premises, or any part thereof, or interest thereon, and has not paid to plaintiff said sum of $1710 so due for loss and damage sustained by plaintiff by reason of the withholding of said premises, whereby an action had accrued to the plaintiff to demand of the defendants, said Mary Mensch and Charlotte A. Baker, the said sum of $1710, with interest thereon above mentioned."

The defendants demurred to the declaration, and the court sustained the demurrer. The plaintiff appealed to the Appellate Court for the First District, and that court affirmed the judgment of the circuit court. This appeal is also prosecuted by the plaintiff below.

Mr. R. C. CRAWFORD, for the appellant:

The appeal bond in suit contains several covenants or conditions, each of which is severable from the others. *Coons* v. *People,* 76 Ill. 385; *Shunick* v. *Thompson,* 25 Ill. App. 620; *Erlinger* v. *People,* 36 Ill. 458.

The covenant for the payment of rent pending the appeal is distinct from the other covenants, and is not conditioned upon the manner in which the suit shall terminate in the circuit court. *Tomlin* v. *Green,* 39 Ill. 226; *Ferber* v. *Watry,* 16 Wis. 143; *Chase* v. *Dearborn,* 23 id. 443.

The use of the premises during the pendency of the appeal is a consideration sufficient to sustain the bond as a contract binding on both parties to it. 1 Parsons on Contracts, 430; *Richardson* v..*People,* 85 Ill. 499.

An assignment of breaches 'is sufficient if the declaration shows violation of defendants' contract and *gravamen* of plaintiff's action. *Fournier* v. *Faggott,* 3 Scam. 348; 1 Chitty's Pleadings, *237.

Interest may be allowed on an appeal bond in such case as this. *Lambert* v. *Borden,* 16 Ill. App. 431.

Mr. E. W. ADKINSON, for the appellees:

The pleader having undertaken to show how the appellee failed to prosecute her appeal with effect, must do so in clear and unambiguous language. Admit all the pleader says, and yet it may have been that the judgment of the court was in her favor.

This case has been to all intents decided by the Appellate Court in *O'Neil* v. *Nelson,* 22 Ill. App. 531, where the court says: "The usual and proper assignment of breach is, that the appellant did not prosecute the appeal with effect, but that the same was, at a term of said court, etc. If the appeal was dismissed, that should be the allegation; but if the case was tried, and instead of the judgment of the justice being technically affirmed by the order of the court an original judgment for possession is entered in the circuit court, then it is loose, argumentive pleading to allege that the judgment appealed from was affirmed. * * * Appellee should amend this declaration in the court below so as to allege that the defendant did not prosecute his appeal with effect, but that upon a trial thereof, etc., the said plaintiff had judgment for the possession of the premises sued for before the justice, etc.

I do not believe that this court will entertain for a moment the proposition that the surety on this bond is bound absolutely for the payment of rent and damages, without regard to

the final result of the suit in which the bond is given. The undertaking of the surety is, that these several conditions shall be complied with "in case the judgment from which the appeal is taken is affirmed or appeal dismissed." The declaration does not show that either contingency has happened, and therefore the surety can not be called on to respond in damages, because in any other contingency the bond was to be void.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Whether an appeal "is prosecuted with effect" is not a question of fact, but a question of law, arising upon facts, and the familiar rule of pleading is, "facts only are to be stated in pleading, and not arguments or inferences or matters of law." 1 Chitty's Pleading, (9th Am. ed.) 214; *Kilgore* v. *Ferguson et al.* 77 Ill. 213; *People* v. *Crotty*, 93 id. 180; *Hatch* v. *Peet*, 23 Barb. 583.

The averment that "on May 26, 1890, said suit was finally terminated by order of said circuit court then duly entered of record," is manifestly insufficient to fix the liability of appellees, because the order so rendered may have been in favor of appellees; but by the terms of the bond they are liable only in the event that the "judgment from which the appeal was taken should be affirmed or the appeal dismissed." The demurrer admits only those *facts* which are *well pleaded*. Gould's Pleading, chap. 9, part 1, sec. 5.

We concur in the ruling of the lower courts that the declaration was insufficient. The demurrer to it was properly sustained, and the judgment must therefore be affirmed.

*Judgment affirmed.*