Benjamin F. Hawes v. Sarah Dora Sternheim, Executrix of Abraham Sternheim, deceased.

1. APPEAL BONDS.—Upon an appeal bond conditioned that if the obligor "shall prosecute his appeal with effect, and pay all rent due or that may become due before the final determination of the suit, and also all damages and loss which the said B. F. H. may sustain by reason of the withholding of the premises in controversy, and by reason of any injury done thereto during such withholding, until the restitution of the possession thereof to the said B. F. H., together with all costs that may accrue in case the said judgment shall be affirmed in the Supreme Court, then the above obligation to be void," the obligors are liable only in the event that the judgment from which the appeal was taken is affirmed or the appeal dismissed.

2. CONSTRUCTION OF CONTRACTS—*Punctuation.*—Punctuation, while it may shed light upon, is never allowed to overrule the plain meaning of the words of a contract.

Memorandum.—Claim in probate based upon an appeal bond. In the Circuit Court of Cook County, on appeal from the Probate Court; the Hon. EDMUND W. BURKE, Judge, presiding. Trial by the court and claim disallowed; appeal by claimant. Heard in this court at the October term, 1894, and affirmed. Opinion filed December 20, 1894.

STATEMENT OF THE CASE.

This is an appeal from a judgment of the Circuit Court of Cook County, disallowing the claim of Benjamin F. Hawes against the estate of Abraham Sternheim, deceased, the claim having been originally filed in the Probate Court of Cook County, and the matter having been taken by appeal from said Probate Court to said Circuit Court.

The claim is based upon a bond given in the Appellate Court of Illinois for the First District, on an appeal from said Appellate Court to the Supreme Court of Illinois, in the

Hawes v. Sternheim.

case of Zuckerman v. Hawes. The case of Zuckerman v. Hawes in the Appellate Court was an appeal from a judgment of the Circuit Court of Cook County in a forcible detainer suit in which Hawes obtained judgment against Zuckerman.

The bond upon which this claim is predicated is as follows:

"Know all men by these presents, that we, Joseph Zuckerman, as principal, and Abraham Sternheim, as surety, of the city of Chicago, county of Cook and State of Illinois, are held and firmly bound to B. F. Hawes, also of said city of Chicago, in the penal sum of eight thousand dollars, lawful money of the United States, for the payment of which well and truly to be made, we bind ourselves, our heirs, executors and administrators, jointly, severally and firmly by these presents. Witness our hands and seals this 2d day of November, A. D. 1892.

The condition of the above obligation is such that, whereas, the said B. F. Hawes did on the 4th day of May, A. D. 1892, in the Circuit Court of Cook County, aforesaid, and of the April term thereof, A. D. 1892, recover a judgment against the above bounden Joseph Zuckerman for the restitution of certain premises described as follows, to wit, the store known as number 228 Clark street, in said city of Chicago, and costs of suit, from which said judgment of the said Circuit Court of Cook County the said Joseph Zuckerman prayed for and obtained an appeal to the Appellate Court within and for the First District in said State.

And, whereas, the said Appellate Court did on the 31st day of October, A. D. 1892, and at the October term thereof, A. D. 1892, dismiss the said appeal and did render a judgment against the above bounden Joseph Zuckerman for costs of suit, from which order of dismissal and judgment of the said Appellate Court the said Joseph Zuckerman has prayed for and obtained an appeal to the Supreme Court of the State of Illinois.

Now, therefore, if the said Joseph Zuckerman shall prosecute such appeal with effect, and pay all rent due, or that

may become due, before the final determination of the suit, and also all damages and loss which the said B. F. Hawes may sustain by reason of the withholding of the premises in controversy, and by reason of an injury done thereto during such withholding, until the restitution of the possession thereof to the said B. F. Hawes, together with all costs that may accrue in case the said judgment shall be affirmed in said Supreme Court, then the above obligation to be void, otherwise to remain in full force and virtue.

JOSEPH ZUCKERMAN,     [SEAL.]<br>ABRAHAM STERNHEIM,    [SEAL.]

Signed in presence of
    B. M. SHAFFNER."

ALBERT H. MEADS, attorney for appellant.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

In Daggitt v. Mary Mensch et al., 41 Ill. App. 403, affirmed in 141 Ill. 395, it is held that upon such a bond as this the obligors are liable only in the event that the "judgment from which the appeal was taken should be affirmed or the appeal dismissed."

The bond in the present case may be differently punctuated from that passed upon in Daggitt v. Mensch, *supra*, but punctuation, while it may shed light upon, is never allowed to overrule the plain meaning of the words of a contract. Osborn v. Farwell, 87 Ill. 89. The judgment of the Circuit Court is affirmed.