SYLVIA ELVA PALMER, BY HER GUARDIAN AND NEXT
   FRIEND, EMMA D. PALMER, v. MISSOURI PACIFIC
   RAILWAY COMPANY.

FILED FEBRUARY 2, 1898.   No. 7818.

Railroads: HIGHWAY-SIGNALS: INJURY TO INFANT: INSTRUCTIONS.  In
   an action· for personal injuries inflicted by a passing locomotive
   at a railway crossing it is error to instruct the jury that the ques-
   tion of whether the bell was rung or the whistle sounded is im-
   material in case they find that the injured party by reason of her
   tender age could not understand the meaning of such signals.   ·

   ERROR from the district court of Adams county.   Tried
below before BEALL, J.   *Reversed.*

   *A. H. Bowen,* for plaintiff in error.

   *W. P. McCreary, J. C. Watson, J. W. Orr,* and *B. P. Wag-
gener, contra.*

   SULLIVAN, J.

   This action was brought in the district court of Adams
county on behalf of the plaintiff, an infant then about
two years old, by her next friend to recover for injuries
received by her at a crossing on the defendant's line of
road in said county from a locomotive passing along and
over the same:   Among other alleged negligent omis-
sions of the defendant to which the plaintiff attributes
her injury, she avers that the employés of the defendant
in charge of the locomotive failed to ring the bell or
sound the whistle on approaching the crossing in ques-
tion.   This was denied by the defendant, and upon this
issue, among others, the cause was submitted to the jury,
who returned a verdict for the defendant.   There was
judgment on the verdict and the plaintiff prosecutes
error to this court.

   One of the grounds relied upon for a reversal of the
judgment of the district court is the giving of the fol-
lowing instruction at the request of the defendant:

"If you find from the evidence that at the time of the alleged injury the plaintiff, by reason of her tender age, could not understand the meaning of the warning of danger if given by the ringing of the bell or the blowing of the whistle, then you are instructed that it is immaterial in this case whether or not the bell was rung or the whistle blown and in such case you are instructed to disregard any evidence on that point."

This instruction is erroneous. It is not always essential to the effectiveness of such warnings that they be given to those of sufficient intelligence to understand their meaning. They are usually held to be for the protection of domestic animals as well as men. (*Chicago, R. I. & P. R. Co. v. Reid*, 24 Ill. 144; 4 Am. & Eng. Ency. Law [1st ed.] 925.) Such warnings are not given to domestic animals upon the theory that they understand their meaning, but upon the theory that their attention will be arrested, their fears aroused thereby, and that their natural instincts will urge them to seek safety in flight. The attention of children is as quickly arrested, their fears as easily aroused, and their instinct of self-preservation as strong as those of domestic animals. With respect to children of tender years and immature judgment, a railroad corporation, to say the least, owes the duty which the law exacts from it in respect to domestic animals straying upon its track. (*Gunn v. Ohio River R. Co.*, 36 W. Va. 165; 32 Am. St. Rep. 842.) But it is urged that the evidence upon this point on behalf of the plaintiff was insufficient to warrant its submission to the jury and that the giving of this instruction, if error, was error without prejudice. It is sufficient to say that we have examined the evidence and are satisfied that the question should have been submitted to the jury. For the error mentioned the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.