## William H. Rehm v. Enoch Halverson.

94   627|
99   ⁴513|
94   627,
a197s 378

1. PRACTICE—*Suits Against Joint Obligors.*—Where two obligors on a bond are sued and one only of them is served with process, the proper practice is to take judgment against the one served, only.

2. SAME—*What is Not a Prosecution of an Appeal with Effect and What is an Affirmance of a Judgment on Appeal.*—H. recovered a judgment of restitution against R. before a justice of the peace for certain premises described as " the entire building known as No. 57 Grand avenue in the city of Chicago;" R. took an appeal to the Circuit Court and executed an appeal bond conditioned to prosecute his appeal with effect, and pay all rent then due and that might become due, before the final termination of the suit, and all damages and loss which H. might sustain by reason of the withholding of the premises in controversy, and by reason of any injury done thereto, during such withholding, together with all costs, until the restitution of the possession, etc., in case the judgment is affirmed, etc.   On trial in the Circuit Court, the judgment was in favor of H. for " the first floor and one-half of the basement, containing an ice box, of the building, No. 57 Grand avenue;" *held*, that the appeal was not prosecuted with effect, and that the judgment appealed from was affirmed.

3. SAME—*Under the Forcible Detainer Act—Judgment for a Part of the Premises Claimed.*—Under section 14 of the forcible detainer act, where it appears that the plaintiff is entitled to a part only of the premises claimed, judgment and execution must be for such part only.

4. SAME—*Names of Actions in Courts Where no Written Pleadings are Required.*—When an action is instituted in a court where written pleadings are not required, the party suing need not name his action, or if he misnames it, it will not affect his rights, if, upon hearing the evidence, he appears to be entitled to recover, and the court has jurisdiction of the defendant and of the subject-matter of the litigation.

5. BONDS—*Construction of Statutory Obligations.*—When a bond is executed in the form prescribed by a statute, the statute in legal effect enters into it and forms a part of the obligation.

6. DAMAGES—*Measure of—Appeals in Cases of Forcible Detainer.*—Where an appeal is taken from a judgment of restitution in a case of forcible detainer rendered by a justice of the peace, and the judgment is affirmed, the value of the use and occupation, or the reasonable rental value of the premises during the time that the landlord is wrongfully kept out of possession, is the correct measure of his damages and is properly recoverable under the condition of an appeal bond providing for the payment of damages and loss sustained by reason of the withholding the possession of the premises.

7. EVIDENCE—*Identification of Judgments in Appealed Cases of Forcible Detainer.*—A certified copy of a judgment of the Circuit Court,

on the appeal of a case of forcible detainer, is admissible in evidence without the other proceedings in the case for the purpose of making a *prima facie* case of the identity of the judgment affirmed with that recited in the appeal bond.

**Forcible Detainer.**—Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed May 10, 1901.

SHERMAN & BURTT, attorneys for appellant.

C. C. BOWERSOCK, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

This is an appeal from a judgment recovered in favor of the appellee in a suit brought by him against one Zaccone, as principal, and the appellant, Rehm, as surety, on an appeal bond.

The bond was given on an appeal to the Circuit Court from a judgment of restitution by a justice of the peace in a forcible detainer suit brought by appellee against Zaccone, the principal.

The suit on the bond was also begun before a justice of the peace, and was brought against both Zaccone and the appellant, Rehm. The latter only was served, the summons being returned "not found" as to Zaccone, and judgment was rendered by the justice against Rehm alone. Rehm appealed to the Circuit Court, where, again, judgment against him was recovered, and this appeal, now before us, has followed.

Both obligors on the bond were sued. Zaccone was not served and did not appear. Rehm was served and did did appear. It was proper practice to take judgment against him, only. Coursen v. Browning, 86 Ill. 57; Rev. Stat. Ch. 76 (entitled "Joint Rights and Obligations"), Sec. 3.

It is objected, also, that because Zaccone was alone made a party defendant in the forcible detainer suit, without joining in that suit one Spano, who was the original lessee of the premises and under whom Zaccone entered, jurisdiction

was not obtained to enter the judgment of restitution against Zaccone only, and therefore there was not jurisdiction of the necessary parties in this suit on the bond.

Appellee, who was the original lessor to Spano, had accepted from Spano a surrender of the lease before the forcible detainer suit was begun. Irrespective of whether such a surrender deprived Zaccone of any rights as between himself and the appellee, or not, appellee. found him in adverse possession of the premises, and to determine those rights, whatever they may have been, appellee had the right to bring the forcible detainer proceedings against him. Spano having surrendered the lease and no longer holding the premises against appellee, it was not necessary to join him in the idle ceremony of making him a party defendant to the forcible detainer proceedings. Zaccone, alone, was holding out against appellee, and was the only person that needed to be made a party, or against whom a judgment of restitution was necessary, in order to repossess appellee of the premises. Doubtless it would have been otherwise if Spano, the lessee, were still holding under his lease. Espen v. Hinchliffe, 131 Ill. 468. Careful consideration of the last cited case does not, in our opinion, justify the contention of appellant, that it requires the bringing of the action against the lessee jointly with those holding under him, where the lessee is by his own voluntary act out of possession and without claim of right to possession. The question of the right to possession is then wholly between the owner, entitled to the reversion, and those in possession. Forcible Detainer Act, Sec. 15.

But it is insisted that, independent of all else, the appeal in which the bond was given was prosecuted with effect, and therefore no recovery could be had under the bond. The condition of the bond is as follows:

"The condition of the above obligation is such, that whereas, the said Enoch Halverson did, on the 11th day of January, 1898, before Jarvis Blume, a justice of the peace for the county of Cook, recover a judgment against G. Zaccone, for the restitution of certain premises described in the plaint, to wit: The entire building known as No.

57 Grand avenue in the city of Chicago, county of Cook and State of Illinois, and costs of suit, from which said judgment the said G. Zaccone has taken an appeal to the Circuit Court of Cook County and State of Illinois. Now, if the said G. Zaccone shall prosecute his appeal with effect and pay all rent now due, and that may become due, before the final termination of this suit, and all damages and loss which the said plaintiff may sustain by reason of the withholding of the premises in controversy, and by reason of any injury done thereto, during such withholding, together with all costs, until the restitution of the possession thereof to the plaintiff in case the judgment from which this appeal is taken is affirmed or appeal dismissed, then the above obligation to be void, otherwise to remain in full force and effect."

The judgment for restitution given by the justice of the peace, in the forcible detainer suit in which the bond was given, was for " the entire building known as No. 57 Grand avenue," as recited in the bond. The judgment of the Circuit Court on the appeal, was for " the first floor and one-half of the basement, containing one ice-box, of the building No. 57 Grand avenue." Was the appeal prosecuted with effect? We think it was not. And was the judgment affirmed? We think it was.

Section 14 of the forcible detainer act provides that if it shall appear that the plaintiff is entitled to the possession of only a part of the premises claimed, the judgment and execution shall be for that part only, etc.

It was doubtless under that section that the Circuit Court acted in giving judgment for a part only of the premises claimed in the complaint filed with the justice of the peace. And we can not doubt its right to do so. Now, that statute being in force at the time the appeal bond was given, was it not given in contemplation of the statute? In other words, did not the statute, in legal effect, enter into and form a part of the bond?

If it did, then it is plain the appeal was not prosecuted with effect, for the judgment that was rendered by the Circuit Court was such a one as the bond itself was conditioned against.

"It is manifest that a statutory bond, where the form is prescribed, and it is observed, will be construed to have the effect given by the statute, as it enters into and forms a part of the instrument." Hibbard v. McKinley, 28 Ill. 240.

The case of Harding v. Kuessner, 172 Ill. 125, is one where the condition of the appeal bond was that appellant would " prosecute its appeal with effect," and pay the judgment appealed from in case of an affirmance; and the argument of counsel was that the judgment was not affirmed because the Appellate Court affirmed the judgment for a less sum than the judgment of the court below—a remittitur having been required as a condition of affirmance. The Supreme Court, speaking by the present Chief Justice' Boggs, after alluding to the practice and effect of remittiturs entered in appeal cases, said :

" It is to be presumed the appellants entered into the bond sued on in the case at bar in view of the power so possessed by the Appellate Court, and therefore the true construction of the condition of the bond is, the obligors obligated themselves to pay any amount for which a judgment of affirmance should be entered in the Appellate Court."

See also, the reasoning of this court upon the same subject, in Best Brewing Co. v. Klassen, 85 Ill. App. 464; and Ives v. Hulce, 17 Ill. App. 35; Foster v. Epps, 27 Ill. App. 235.

Appellant seeks to make a distinction in principle between the case of an affirmance of a mere money judgment, and the affirmance of a judgment for restitution, so far as the liabilities of the obligors are concerned. But we can see none. We agree with him that there must be an affirmance of the judgment or a dismissal of the appeal, to sustain a suit on the bond. Daggitt v. Mensch, 141 Ill. 395; Hawes v. Sternheim, 57 Ill. App. 126.

In view of what we have already said we hold there was an affirmance by the Circuit Court of the restitution judgment, and that the appeal, therefore, was not prosecuted with effect.

A further contention by appellant is, the terms of the bond do not lay a basis for the measure of damages pursued in the suit on the bond. The conditions of the bond

may be seen by reading it, as quoted above. It was clearly shown that Zaccone occupied the premises recovered, for the space of seven months, and that appellee received nothing from him or anybody else for such period of occupation. It was shown that the fair rental value of the premises during that time was $30 per month. What could more clearly represent the damages that appellee suffered? They amounted to nothing more than compensation to him for the wrongful withholding by Zaccone. In such a case, the value of the use and occupation, or the reasonable rental value of the premises, during the time that appellee was wrongfully kept out of possession, is the correct measure of his damages. Shunick v. Thompson, 25 Ill. App. 619.

This was properly recoverable under the third condition of the bond, providing against damages and loss that might be sustained by reason of the withholding of possession.

The judgment of the Circuit Court on the appeal of the forcible detainer suit was properly proved by a certified copy, and it was properly admitted in evidence, without the other proceedings in that case, for the purpose of making a *prima facie* case of the identity of the judgment affirmed with that recited in the bond. McDonald v. Allen, 30 Ill. App. 166.

It is objected that this suit on the bond was docketed with the justice as a suit in assumpsit, whereas it should have been in debt. A suit begun before a justice of the peace is in name whatever the evidence shows it to be, irrespective of what the justice calls it. Independent Order, etc., v. Stahl, 64 Ill. App. 314; Pollock v. McClurken, 42 Ill. 370; Chicago and R. I. R. R. Co. v. Reid, 24 Ill. 144; Chicago and R. I. R. R. Co. v. Whipple, 22 Ill. 105. In the Pollock v. McClurken case, *supra*, it is said:

"This action was instituted in a court where written pleadings are not required, and it is the well settled practice, that in such courts the party suing need not even name his action, or if misnamed, that will not affect his rights, if, upon hearing the evidence, he appears to be entitled to recover, and the court has jurisdiction of the defendant and of the subject-matter of the litigation."

Rehm v. Halverson.

It is further objected by appellant that it was error to proceed with the trial after the noon recess, with only eleven jurors present.   This is trifling with the court, when, as in this case, appellant, by his counsel, expressly elected in open court to proceed with the eleven jurors.   A score or more other objections are made with more or less argument in support, but having considered all the important questions in the case, involving to a considerable degree numerous of the lesser points made, we will remain content and not answer in detail the other objections to the judgment.

Having considered all the questions, and discussed such of them as are of sufficient dignity to command discussion, the judgment of the Circuit Court should be affirmed.