## Oscar Sehnert v. Fred W. Koenig.

1. NAMES OF ACTIONS—*Suits Before Justices of the Peace.*—In a suit begun before a justice of the peace the form or name of the action is whatever the evidence shows it to be.

2. TROVER—*When a Demand is Necessary Before Bringing Suit.*— In a suit before a justice of the peace where the proof made shows the action to be in trover a demand must be made before the action can be maintained.

3. DEMAND—*When, and When Not, Necessary Before Bringing Suit.* —Proof of a demand and refusal are necessary in cases where the defendant became in the first instance lawfully possessed of the property in question, and the plaintiff is not able to prove some distinct actual conversion; but where the taking is tortious or an actual conversion is shown, no demand is necessary before bringing suit.

Trover.—Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Reversed and remanded. Opinion filed January 21, 1902.

WALTER F. HEINEMANN, attorney for appellant.

EMIL A. MEYER, attorney for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court. An action was begun by appellee before a justice of the peace, and taken by appeal from the judgment there recovered to the Circuit Court, where another recovery was had. In a suit begun before a justice of the peace, the form or name of the action is whatever the evidence shows it to be. Rehm v. Halverson, 94 Ill. App. 627, and cases there cited. The proof made showed the action to be in trover, for the alleged conversion by appellant of a gold watch and chain which appellee testified to having given appellant on a street car to repair. Appellant denied ever having received the watch and chain. According to the testimony of appellee the appellant came into possession of the watch and chain rightfully—by delivery of them to him by the appellee personally, under an agreement by appellant to repair the same. Under such circumstances a demand must be made before the action can be maintained.

" Proof of demand and refusal are necessary where the defendant became, in the first instance, lawfully possessed of the chattel, and the plaintiff is not prepared to prove some distinct, actual conversion. But demand and refusal are unnecessary if the taking is tortious, or if an actual conversion is shown." Hayes v. Massachusetts Life Ins. Co., 125 Ill. 637.

No demand or refusal in this case was proved or attempted. All the cases cited by appellee, that demand is unnecessary, are cases where the taking or withholding was wrongful or tortious. The denial of appellant that he ever had possession of the watch and chain can not be construed as meaning that he tortiously took or tortiously refuses to surrender them.

The judgment must be reversed and the cause remanded.