# Annie E. McGowan, Appellee, v. London & Lancashire Indemnity Company of America, Appellant.

## Gen. No. 29,306.

1. FORCIBLE ENTRY AND DETAINER—*reversal of judgment against tenant as avoiding bond in forcible detainer.* If an appealing tenant prosecutes his appeal in forcible detainer with effect and accomplishes a reversal of the judgment for possession, the bond furnished under the statute becomes void, and the landlord must pursue such rights as may exist against the tenant under the lease.

2. FORCIBLE ENTRY AND DETAINER—*what constitutes final determination of suit for purpose of fixing liability on appeal bond.* In determining the liability of the surety in an appeal bond in a forcible detainer suit, the final determination of such suit occurred when the tenant vacated the premises and restored possession and not when the appeal was subsequently dismissed.

3. FORCIBLE ENTRY AND DETAINER—*when allowance of statutory damages on appeal improper.* An award of statutory damages could not be properly made in a forcible entry and detainer case where, after the tenant had restored possession to the plaintiff, the latter nevertheless filed a short record in the Appellate Court and had the appeal dismissed.

4. FORCIBLE ENTRY AND DETAINER—*extent of liability on appeal bond in forcible entry proceedings.* The act providing for an appeal bond in forcible entry and detainer proceedings, Cahill's St. ch. 57, ¶ 20, construed and held that the covenant to pay "all damages and loss which plaintiff may sustain by reason of the withholding of the premises in controversy" is modified and limited by the subsequent phrase, "until the restitution of the possession thereof to the plaintiff," and therefore where the tenant in question surrendered possession in September, and paid all rent up to that month, and the appeal was dismissed thereafter on plaintiff filing a short record, the surety company, in an action on the bond, was liable only for the costs in the trial court, with interest, the September rent and the judgment and costs in the Appellate Court in the forcible detainer suit, although the premises remained vacant until April 30 of the following year, and were rented at a lower rental for the remaining year of the term.

5. SURETYSHIP—*construction of contract against surety for hire.* In the case of a surety company acting for compensation the contract will be construed most strongly against the surety and in favor of the indemnity, which the obligee has reasonable grounds to expect.

6. INTEREST—*when interest not allowable on judgment in forcible detainer.* Where the judgment of the trial court was reversed and

judgment rendered in favor of appellee for such part only of the judgment in his favor as the defendant had admitted to be due, interest was not allowed since the trial, because the fact that plaintiff was deprived of the amount of the judgment in the interim was not the fault of the defendant.

Appeal by defendant from the Municipal Court of Chicago; the Hon. DANIEL P. TRUDE, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1924. Reversed and judgment here. Opinion filed June 17, 1925.

C. E. HECKLER, for appellant.

GEORGE F. MULLIGAN, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

A motion was submitted to this court some months ago in this case, in which we were asked to enter an order striking appellant's reply brief from the files. The motion was reserved to the hearing and it will now be denied without reference being made here to the suggestions made in support of the motion.

The plaintiff, Annie McGowan, leased a third floor apartment in a three-apartment building to a Mrs. Bock for a period of two years, beginning May 1, 1921, at a rental of $175 per month. By the terms of this lease Mrs. Bock covenanted that the premises leased "shall not be used as a boarding or lodging house * *· * and none of the rooms shall be offered for lease * * * by advertising the same directly or indirectly, in any newspaper or otherwise." Shortly after Mrs. Bock went into possession of the premises, the plaintiff, Mrs. McGowan, apparently found that her tenant was not complying with that covenant of the lease, and on the basis of such breach she brought a forcible entry and detainer proceeding against her. It was provided by the terms of the lease that a breach of any of its covenants would entitle the landlord to re-enter and take possession "without

such entry working forfeiture of the rents to be paid," and that in case of breach "the lessee shall be deemed guilty of forcible detainer of said demised premises." Mrs. Bock obtained a jury trial in the forcible detainer case. On August 5, 1921, judgment for possession was entered in that case but the writ of restitution was stayed until September 1.

Mrs. Bock prayed an appeal from the judgment for possession and appeal was allowed and she filed her appeal bond on August 9, 1921, with the defendant in the case at bar as her surety.

The condition of the appeal bond reads as follows:

"Now, therefore, if said Lucy S. Bock shall duly prosecute her appeal with effect, and moreover pay all rent now due or that may become due before the final determination of this suit, and also all damages and loss which the plaintiff has sustained or may sustain by reason of the withholding of the premises in controversy and by reason of any injury done or to be done thereto during said withholding until the restitution of the possession thereof to the plaintiff together with all costs accrued or that may accrue, in case said judgment is affirmed or said appeal dismissed, then the above obligation to be void, otherwise to remain in full force and effect."

Mrs. Bock failed to perfect her appeal and filed no record in this court. A few days before the first of October, plaintiff's husband was notified that Mrs. Bock was going to vacate the premises and immediate steps were taken to find another tenant. Mrs. Bock vacated on September 29, 1921.

Mrs. Bock failing to file a record in this court in connection with her appeal, plaintiff procured a short record and filed it, and then made a motion to dismiss the appeal and prayed an award of statutory damages. On December 30, 1921, this court entered an order dismissing the appeal and awarding plaintiff judgment for $250 statutory damages, and costs amounting to $20.

After plaintiff secured judgment for possession, she found a satisfactory tenant, willing to lease the premises, and a deposit was made. This, however, was later returned and the tenant was lost to the plaintiff by reason of the uncertainty as to Mrs. Bock's possession and her appeal from the judgment for possession. Efforts to find a new tenant continued after Mrs. Bock vacated the premises and after the appeal was disposed of. Some parties appeared who were willing to lease the premises at as great a rental as Mrs. Bock's lease had called for, or greater, but only on condition that they be permitted to conduct a rooming house in the premises. This, the plaintiff was not willing to agree to do. Finally a new tenant was procured and a lease was entered into with such tenant by the plaintiff, under date of May 5, 1922, at a rental of $165 per month, being $10 less than the monthly rental called for by Mrs. Bock's lease.

Shortly after this new lease was entered into, the plaintiff instituted the suit at bar against the defendant surety on the appeal bond filed by Mrs. Bock in the forcible detainer proceeding, seeking to recover her damages resulting from that appeal and Mrs. Bock's failure to prosecute it with effect.

The defendant admitted liability to the extent of $550, which included municipal court costs in the forcible detainer case, with interest thereon; the reasonable rental value of the premises, fixed at $175, for the month of September (Mrs. Bock had paid all rent up to September 1) with interest thereon; and the judgment and costs in this court in the forcible detainer proceeding. The defendant submitted an instruction, at the close of all the evidence, to the effect that "under the evidence in this case the only amounts which plaintiff is entitled to recover are" as above set forth. The trial court declined to give this instruction but gave an instruction submitted by the plaintiff, instructing the jury to find the issues for the plaintiff and assess her damages at the sum of $1,896. A ver-

dict was returned accordingly and judgment for that amount was entered against the defendant. To reverse that judgment the defendant has perfected this appeal.

The damages included in the judgment appealed from, in addition to the amount for which the defendant admitted liability, consisted of three items, as follows: (1) $525, claimed by the plaintiff under the condition of the bond providing for payment of ''rent until the final determination of the suit,''—that is, at $175 per month from and after the month of September and until December 30, 1921, the date of the dismissal of the appeal in this court, which the plaintiff contended was ''the final determination'' of the suit; (2) $700, claimed by the plaintiff under the condition of the bond providing for payment of ''all damages and loss which plaintiff has sustained or may sustain, by reason of the withholding of the premises in controversy,'' such damages being the loss of rent at $175 per month from and after the final determination of the forcible detainer case in December, 1921, until a new tenant was procured in May, 1922; and (3) $120, claimed by the plaintiff under the same condition of the bond involved in item (2), such damages being the difference between the rental called for by Mrs. Bock's lease ($175 per month) and the rental called for by the new lease which plaintiff procured in May, 1922 ($165 per month) for the second year, which Mrs. Bock's lease covered,—namely, May, 1922, to April, 1923.

We shall refer to each of these items in order. As to the first one: the defendant contends that the plaintiff may not recover anything as ''rent'' under the condition of this bond, which represents any period after August 5, 1921, because the relation of landlord and tenant was never in effect between the parties to the lease after that time. The fallacy of this contention is demonstrated by the simple fact that this bond was

not even entered into by the defendant as surety for Mrs. Bock until August 9, 1921, four days after the plaintiff had procured her judgment for possession. If defendant's contention as to this item were to prevail, its covenant in the bond to "pay all rent now due or that may become due before the final determination of this suit," if Mrs. Bock failed to prosecute her appeal with effect, would be meaningless. The lease itself provided that if any of its covenants were breached by the tenant, by reason of which the plaintiff became entitled to re-enter and she did so re-enter, this would not work a "forfeiture of the rents to be paid  *   *   *   during the full term of the lease." But this action against the defendant surety is based on the bond. That bond was executed by the defendant after the plaintiff had secured her judgment for possession, and in view of its provisions we are of the opinion that the plaintiff was entitled to recover, as a part of her damages, the amount of monthly payments called "rent" in the lease, up to the "final determination" of that suit. In this connection defendant contends that the provision in the bond for the payment of rent can only apply to such time as the relation of landlord and tenant exists between the parties and it is argued that it was evidently the intention of the legislature in passing the statute, pursuant to the terms of which this bond was given, to require a defendant taking an appeal in a case of this kind to furnish a bond to secure payment of the rent until the "final determination" of the suit "no matter how the appeal may be decided," and even if the tenant prevailed on the appeal and did prosecute it with effect and accomplished a reversal of the judgment for possession recovered in the trial court by the landlord. With that argument the plaintiff in this case seems to agree. In our opinion, it is entirely unsound. We have not been able to see any such legislative intent in the language employed in the statute in question. It seems to us to be clear that if the appealing

tenant does prosecute the appeal with effect and accomplish a reversal of the judgment for possession, the bond furnished under the statute becomes void. In such event the landlord must pursue such rights as may exist against the tenant, under the provisions of the lease.

But we are further of the opinion that the "final determination" of the forcible entry and detainer suit occurred when the tenant vacated the premises and restored the plaintiff to possession on September 29, and not when the appeal was dismissed on December 30. The thing this plaintiff sued her tenant for was the possession of the premises. She recovered a judgment for possession and the defendant prayed an appeal and filed her bond. The appeal was prayed and allowed to the October term of this court. Prior to the beginning of that term the defendant vacated the premises and delivered the possession thereof to the plaintiff, who went into possession and thereby secured all she had sought to recover by her suit. That disposed of the case and there was nothing about it left to determine.

It would certainly be an unreasonable requirement if the law should be held to require that the tenant, after she had restored possession and given the plaintiff landlord all she had sued for, nevertheless, should go to the expense of perfecting her appeal in this court, merely for the purpose of getting it dismissed. As soon as the tenant abandoned her appeal and surrendered possession, the forcible entry and detainer case was at an end and "finally determined" and the liability of the tenant and her surety on the appeal bond was fixed. Under the provisions of the bond, the tenant and her surety then became liable for all rent which had become due up to the time the possession of the premises was restored to the plaintiff. In this connection, we feel we ought to say that, in our opinion, no award of statutory damages should have been made when, in December, after the tenant had re-

568 Appellate Courts of Illinois.

McGowan v. London & Lancashire I. Co. of A., 237 Ill. App. 561.

stored possession of the premises to the plaintiff, the latter nevertheless filed a short record in this court and had the tenant's appeal dismissed, for the records of this court show that the suggestions filed by the plaintiff in support of her motion set forth, among other things, the fact that the tenant had surrendered possession of the premises in September. That motion was not acted upon by this division of the court.

As to the last two items of damage awarded the plaintiff by the trial court, we are of the opinion that it was error to include them in the judgment. As we read and interpret the provisions of this bond and of the statute pursuant to which the bond was given (Cahill's St. ch. 57, ¶ 20), the covenant to pay "all damages and loss which the plaintiff may sustain by reason of the withholding of the premises in controversy," is modified and limited by the subsequent phrase, "until the restitution of the possession thereof to the plaintiff." That last modifying and limiting clause may not reasonably be applied to the clause immediately preceding it, which reads, "by reason of any injury done thereto during such withholding," which clause itself, by use of the words "during such withholding" confines its application to that period, and so the following clause, "until the restitution of the possession thereof to the plaintiff," would be but needless repetition if it were considered as applying to that immediately preceding clause. It does apply, clearly, in our opinion, to the covenant to pay "all damages and loss which the plaintiff may sustain by reason of the withholding of the premises." In our opinion, that interpretation should be applied to the language of the bond in the case at bar.

In *Rehm v. Halverson,* 94 Ill. App. 627, 197 Ill. 378, it was held that [p. 387]: "The value of the use and occupation of the premises, during the time when the possession was withheld from the appellee, was the measure of the loss and damage, sustained by reason of

the withholding of the same. In other words, in order to ascertain the loss and damage sustained to the plaintiff by reason of the withholding of the premises, it was proper to show the value of their use and occupation during the period of such withholding. *Shunick v. Thompson,* 25 Ill. App. 619; *Barrett v. Lingle,* 33 Ill. App. 91.'' At the time that case was decided, the statute, specifying the terms to be included in appeal bonds given in cases of this kind, was the same as it is now but the bond involved in that case was worded somewhat differently from the bond involved in the case at bar. The case of *Pierson v. Lawyer,* 225 Ill. App. 400, involved a bond worded more nearly like the one involved in the case at bar, and given under the provisions of the same statute, and this court there cited *Rehm v. Halverson, supra,* and followed the rule there laid down, as quoted above.

In connection with the argument presented in this case, counsel for the defendant has contended that the contract of a surety is strictly construed. The law is that in the case of a surety company, acting for compensation, the contract will be construed most strongly against the surety and in favor of the indemnity which the obligee has reasonable grounds to expect. In such a situation, the court will regard the contract more in the nature of an insurance contract and by necessity apply the rules covering liability applicable in that class of contracts. *Gunsul v. American Surety Co. of New York,* 308 Ill. 312; *Marks v. Knofsky Co.,* 233 Ill. App. 293.

In our opinion, the trial court erred in fixing the plaintiff's damages. They should not have been fixed at any amount greater than $550, which was the amount for which the defendant admitted it was liable.

For the reasons given, the judgment of the municipal court is reversed and judgment for the plaintiff for $550 entered in this court. We do not include interest on that amount since the trial, for the fact that the plaintiff has been deprived of the amount of the

judgment for the intervening time is no fault of the defendant.

*Judgment reversed and judgment here.*

O'CONNOR, P. J., and TAYLOR, J., concur.