Hollywood Building Corporation, Appellant, v. Greenview Amusement Company, Appellee. Lillian D. Hill and Henry Sonnenschein, Clerk, Appellees.

Gen. No. 42,589.

Opinion filed May 19, 1944.

MURPHY & PEARSON, of Chicago, for appellant; WALTER WM. PEARSON and LAWRENCE L. O'CONNOR, both of Chicago, of counsel.

LAWRENCE A. JACOBSON, of Chicago, for appellees; LOUIS HERSHMAN, of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a proceeding by the surety on defendant's forcible entry and detainer appeal bond, to recover money deposited as security. Plaintiff appeals from an order in the surety's favor.

Defendant previously appealed from plaintiff's judgment in forcible entry and detainer, filing a statutory bond (ch. 57, par. 20, sec. 19, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 109.280]) with Lillian Hill as surety. To secure plaintiff, the surety deposited $4,000 with the Clerk of the Superior Court and later $1,000 with the Clerk of this court. Defendant prosecuted its appeal with effect (*Hollywood Bldg. Corp. v. Greenview Amusement Co.,* 315 Ill. App. 658), and after the mandate of this court was filed, the surety made a motion here for an order directing the Clerk of this court to turn over the money deposited with him. The order was entered. The surety then petitioned the trial court for an order directing the Clerk of the Superior Court to turn over the money deposited with him. Plaintiff filed a cross petition demanding the money for payment of rent which accrued during the pendency of the appeal. The trial court found that the conditions of the appeal bond had been fulfilled and its obligations voided and directed the Superior Court clerk to pay the money to the surety.

Defendant contends the order is not appealable because the prior appeal finally disposed of the case.

The issue determined by the order was not involved in the main proceeding subject of the prior appeal, consequently, there is no merit in this contention.

The vital question is whether plaintiff can recover on the bond for the accrued rent. It contends that defendant's obligation to pay rent was not voided by reversal of plaintiff's judgment; and that otherwise it has no protection, for if it accepted rent during the pendency of the appeal it would have recognized defendant as a tenant and waived its right to possession under the forcible entry and detainer judgment. Language of the bond is substantially the same as that of the statute, sec. 19, which provides:

"If the defendant appeals, the condition of the bond shall be that he will *prosecute such appeal with effect,* and *pay all rent* when due or that may become due before the final determination of the suit, and *also all damages and loss* which the plaintiff may sustain by reason of the withholding of the premises in controversy, and by reason of any injury done thereto during such withholding, until the restitution of the possession thereof to the plaintiff, *together with all costs* that may accrue *in case the judgment* from which the appeal is taken *is affirmed or appeal dismissed;* . . ."

Plaintiff in its brief contends that the "rent" condition is not, but admits that the "damages and loss" and "costs" conditions are, modified by the requirement that plaintiff's judgment be affirmed, or the appeal dismissed. We believe that the "rent" condition is also modified by that requirement. *Daggitt v. Mensch,* 41 Ill. App. 403; *Daggitt v. Mensch,* 141 Ill. 395; *Hawes v. Sternheim,* 57 Ill. App. 126; *McGowan v. London & Lancashire Co.,* 237 Ill. App. 561. The bond is indemnity for one who had a right to the forcible entry and detainer judgment, not a benefit for one who had no such right. Defendant's appeal not having been dismissed, but having been prosecuted

with effect, and plaintiff's judgment not having been affirmed, the obligation to pay rent under the bond is void.

For the reasons given the judgment is affirmed.

*Judgment affirmed.*

HEBEL, P. J., and BURKE, J., concur.