OWENS-ILLINOIS, INC., (Consumer and Technical Products Division), Plaintiff-Counter-Defendant-Appellee, *v.* THE CANDLE MAN, INC., Defendant-Counter-Plaintiff-Appellant.

(No. 54973;

First District—January 17, 1972.

Latchford, Bianucci, Rice & O'Brien, of Chicago, (James B. Rice, of counsel,) for appellant.

Teller, Levit & Silvertrust, of Chicago, (Leo H. Feldman, of counsel,) for appellee.

Mr. JUSTICE BURKE delivered the opinion of the court:

Owens-Illinois, Inc., brought an action against The Candle Man, Inc., for $4,857.57. The court granted plaintiff's motion for summary judgment in the amount of $3,243.22 and dismissed defendant's counterclaim. Defendant appeals.

The complaint alleges a balance due and owing from the defendant for goods sold and delivered.

In its amended answer defendant admits the allegations of the complaint and affirmatively alleges that it paid plaintiff $500 of the balance due. Defendant filed a counterclaim to recover damages allegedly sustained as the result of the plaintiff's breach of contract and conversion of a mold owned by defendant.

In support of its motion, plaintiff submitted excerpts from the transcript of testimony given by defendant's President at a discovery deposition. Plaintiff concedes that the defendant is entitled to a $500 credit claimed in its amended answer. Plaintiff maintains that on the basis of the testimony of defendant's President the defendant is entitled to a set-off in an amount not exceeding $1,114.35. The record indicates that the defendant did not offer any counter-affidavits or other proof.

■■ Where in support of a motion for summary judgment the movant has filed affidavits or presented other proof, the court considers the facts recited in the affidavits, transcripts or other proof. (*Glen View Club v. Becker*, 113 Ill.App.2d 127.) As defendant failed to file counter-affidavits or introduce any other evidence to controvert the facts alleged in plaintiff's motion and supporting papers, there was no genuine issue of fact presented for the court to resolve. The trial judge was right in granting plaintiff's motion. *St. Louis Fire and Marine Ins. Co. v. Garnier*, 24 Ill. App.2d 408; *Anderson v. Dale*, 90 Ill.App.2d 332.

Regarding defendant's contention about the conversion of a mold, the

deposition of defendant's President reveals that plaintiff was lawfully in possession of the mold and that no demand was made upon plaintiff to return the mold. The President of defendant testified that if a demand were made, the mold would be returned.

██ Defendant (counter-plaintiff) to succeed in an action for conversion must prove a demand for the return of the chattel. (*Weiland Tool & Mfg. Co., v. Whitney*, 100 Ill.App.2d 116; *Sehnert v. Koenig*, 99 Ill.App. 513.) Because there was no demand for the return of the mold lawfully in the possession of the plaintiff (counter-defendant) the court properly dismissed the counterclaim. The question of the legal ownership of the mold is not material to the disposition of the issues in the instant case.

The judgment is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and LYONS, J., concur.