## John Gibbons, Defendant in Error, v. Chapin & Gore et al., Plaintiffs in Error.

### Gen. No. 14,345.

1. PERSONAL INJURIES—*when owner of building not liable.* If a person is injured upon premises in course of erection or repair the owner is not liable for such injuries, notwithstanding occasioned by negligence, if it appears that such premises were in possession of independent contractors who were so constructing the same and that the owner did not and was not exercising supervisory care or direction over such premises at the time of the accident.

2. PERSONAL INJURIES—*when owner of building not liable.* Held, that the ordinance in question in this case, which applied to the fixing of liability upon owners, contractors, builders, etc., having control or supervision of the construction of a building, did not change the rule of liability so as to render the owner of premises, in course of erection through the medium of independent contractors, liable for personal injuries sustained by a third person through the negligence of such independent contractors.

3. INSTRUCTIONS—*as to effect of failure to introduce evidence improperly refused, Held,* error to refuse an instruction to the effect

that the failure of the defendants to introduce evidence raised no presumption of guilt.

4. INSTRUCTIONS—*as to effect of injury as evidence, improperly refused.* *Held*, error to refuse an instruction which told the jury that the injury complained of was not in itself evidence of neglиegnce.

Action in case for personal injuries. Error to the Superior Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the March term, 1908. Reversed and remanded. Opinion filed March 22, 1909. Rehearing denied April 8, 1909.

LAWRENCE & FOLSOM and HORTON, BROWN & MILLER, for plaintiffs in error.

CANNON & POAGE, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an action on the case for personal injuries happening to the plaintiff while working as a laborer for the contracting plasterers, McNulty Brothers, in the construction of a building for the defendant, Chapin & Gore, of which the defendant William Adams Company is said to have been the general contractor.

The declaration consists of three counts, in the first of which is set out an ordinance of the city of Chicago, requiring floors to be constructed on each floor of buildings of certain character while in the course of construction, said to have been violated. A part of said ordinance reads: "It shall be the duty of all owners, contractors, builders or persons having control or supervision of all buildings in course of erection which shall be more than thirty feet high, to see that all stairways, elevator openings, flues, and all other openings in the floors shall be covered or properly protected". The ordinance provides as a penalty for its violation a fine of not less than one nor more than two hundred dollars for each offense, and a revocation of the building permit at the discretion of the Commissioner of Buildings. The defendants in-

terposed separate pleas of the general issue. A trial before the court and jury resulted in a verdict and judgment of $5,000 against defendants.

The accident happened in the evening of April 28, 1905. Plaintiff was working overtime that night. Salamanders were in use on the fifth floor, where plaintiff worked, to dry out the plastering, which had been freshly put on the walls and ceiling of the rooms on that floor. Plaintiff worked on that floor for four or five days previous to the accident. Gilbert, said to be the superintendent of construction, requested plaintiff to get a poker with which to stir up the fire in a salamander. It was about half past eight o'clock in the evening and the room was dark. Men were working by torchlight. There were torches on that floor for use of workmen. In going for the poker, plaintiff did not take any torch, although he might have procured one. In returning with the poker he fell into a hole in the floor which had been previously used for pushing lumber through to the floor above it. The result of the fall, among other injuries inflicted, caused plaintiff to be ruptured so that he wears a truss permanently. The liability of defendants is predicated on their being owners and contractors, having possession, supervision or control of the building within the purview of the ordinance, and in negligently permitting the hole through which plaintiff fell to remain unprotected, contrary to the provisions of the ordinance, *supra.*

The defendants Chapin and Gore urge in argument that they are not liable because, as owners of a building in course of construction by independent contractors, they were neither in possession nor had any supervisory control at the time plaintiff was injured, and that the ordinance in question had no effect to change the law affecting their liability; and that they are not liable under the doctrine of *respondeat superior.*

Defendant William Adams Company argues that there is no evidence in the record fastening upon it liability for the injuries of plaintiff; that plaintiff has not established by proof that he was in the exercise of due care for his own safety at and immediately preceding the time of the accident; that the court erred in refusing to give the first, seventh, and eighth refused instructions tendered by it, and that the damages are excessive.

We are at the outset of our examination confronted with evidence lacking in probative force of the facts assumed to be proven. There is no legitimate evidence that Chapin & Gore owned the premises on Adams street, in which plaintiff was hurt, or that the building was being erected for them. Nor is there evidence that the William Adams Company had any contract to erect or was erecting the building at the time plaintiff was injured; or that the hole through which plaintiff fell was negligently permitted to exist by either of the defendants. Neither is there proof of contracts or plans or specifications which in law amount to the dignity of legal evidence; and the same observations are equally pertinent as to who in fact was the architect or superintendent of construction.

Upon the assumption that Chapin & Gore were the owners of the premises, and that the building was in course of construction by independent contractors, so that in law Chapin & Gore could not be said to be in possession of the structure, or exercising supervisory care or direction over it at the time of the accident, they cannot, under well-settled legal principles, be held responsible for plaintiff's injuries. Gibbons could not tell who was the owner. Redmond, the McNulty foreman, swears that the building was supposed to be Chapin & Gore's. Gilbert testified that the building was supposed to be put up by the Chapin & Gore people. Thomas McNulty swore that his firm did the plastering under a contract with Chapin & Gore; and the witnesses Murray and Kelly swore that they were

at work on a building known as the Chapin & Gore building.  All this falls far short of legal proof of Chapin & Gore's ownership or control of the building. This is a fair synopsis of the testimony on this subject.  There was no testimony that Chapin & Gore furnished material or hired or discharged any of the workmen.  In the final analysis of this testimony it proves that Redmond, the foreman of McNulty Brothers, the plastering contractors, was in possession as the representative of his firm.  Nor is there any further proof that either of the defendants was in possession or exercising any supervisory care or control of the building at the time of the accident.  For aught that appears to the contrary, whatever may have been the Adams Company's connection with the building, it had ceased; its work on the building may have been completed.  The proof in the record shows that at the time of the accident McNulty Brothers, the plastering contractors, were in possession of that part of the premises upon which work was then being done, and had exclusive control of such work.  This is sufficient primarily to exculpate Chapin & Gore from any liability.  Pioneer v. Hansen, 176 Ill. 100.  Whether one engaged in performing work under a written contract, is, as such, liable for the negligent acts of his servants is a question of law to be determined by a construction of the contract itself.  There being no contract in evidence, how can it be determined that the liability rested upon the defendants, or either of them? There is no evidence that either of the defendants had any power to discharge any of the employes of the plastering contractor, or that Gilbert, the superintendent, present in the building at the time plaintiff was injured, had authority so to do, which is one of the tests which tends to fasten liability under the doctrine of *respondeat superior*.

In Grest v. Rothschild, 90 Ill. App. 324, it is held that "the fact that the work was to be inspected by the

architect to see that it was done according to the contract, does not make the defendant liable".

We think it clear that the ordinance itself does not create any liability against an owner or contractor, where no liability existed before its passage. The ordinance does not, by its terms, make owners and contractors liable without regard to their having supervision or control. We do not think that the ordinance in question is subject to any such interpretation. By construction, that ordinance applies to the fixing of liability upon such owners, contractors, builders or persons having control or supervision, and brings within its operation only such persons as are in actual control or who have supervision of a building or of its construction and fail to do the things commanded to be done by the ordinance. So that the words "owners and contractors and persons" are qualified by the words "having control or supervision of the building", and are limited to such persons, to the exclusion of all others. This is our construction, without regard to punctuation, for, as is said in Hawes v. Sternheim, 57 Ill. App. 126, so say we—"Punctuation, while it may shed light upon, is never allowed to overrule, the plain meaning of a contract", and we add, or a municipal ordinance.

We think it was error of a prejudicial character for the trial judge to refuse to give the defendants' seventh refused instruction, viz:

"You are further instructed that the mere fact that the defendants, the William Adams Company and Chapin & Gore, have introduced no evidence by way of defense, is not to raise a presumption in your minds of the guilt of said defendants, but the plaintiff is held to the same strictness of proof of the allegations of his declaration as if the defendants had introduced evidence".

The jury might well have assumed that defendants' failure to put in evidence to meet plaintiff's claim was a virtual admission of their liability. This instruction was calculated to remove such erroneous impres-

sion from the minds of the jury, if it existed. It was vital to the protection of defendants' rights.

The following instruction requested by the Adams Company should have been given:

"You are further instructed that the mere fact that the plaintiff received the injury complained of is no evidence in itself of negligence on the part of the defendant Williams Adams Company, nor is it evidence in itself of the exercise of due care on the part of the plaintiff".

The rights of the Adams Company were violated prejudicially by its refusal.

We do not decide whether it is shown from the evidence that the plaintiff was in the exercise of due care for his own safety at the time he fell through the hole and was injured. That is a question of fact primarily for the determination of the jury under the evidence when next tried, with pertinent instructions upon the law to aid them in solving what the evidence proves in this regard.

For the errors indicated, the judgment of the Superior Court is reversed and a new trial awarded, conformable to the views expressed in this opinion.

*Reversed and remanded.*