# William Simon, Defendant in Error, v. Griffin Wheel Company, Plaintiff in Error.

## Gen. No. 16,156.

1. INSTRUCTIONS—*when refusal as to effect of failure to introduce evidence reversible error.* Held, that it was error for the court to refuse to instruct the jury "that from the mere fact alone that the defendant offered no evidence the jury is not warranted in drawing any inference against the defendant."

2. NEGLIGENCE—*what essential to recover.* In order to recover for personal injuries charged to have resulted from the negligence of the defendant, it must appear not by speculation or by guess but by competent legal evidence that the defendant was guilty of some negligent conduct which resulted in the injury sued for.

Action in case for personal injuries. Error to the Municipal Court of Chicago: the Hon. WILLIAM N. COTTRELL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed with finding of fact. Opinion filed March 14, 1912.

FRANK M. COX and R. J. FELLINGHAM, for plaintiff in error.

RALPH F. STERN, for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

This is an action on the case to recover for personal injuries received by the plaintiff, William Simon, while working for the defendant, the Griffin Wheel Company.

On August 1, 1907, the Griffin Wheel Company was engaged in manufacturing car wheels. Simon was employed by the defendant for nine months at a period prior to the period of employment during which the accident occurred. He had been working for the defendant for three months immediately prior to the accident. During this latter employment his work was rolling car wheels which weighed between 600 and 700 pounds from cars into the yard. On the date of the accident he was ordered to roll the wheels from a car into a building called a "drop" or "drop-house." This was a building of a single room, into which old car wheels were rolled and then broken up into scrap iron by a heavy drop or weight falling on them with great force. The floor of the drop-house was about ten or twelve feet square and was constructed of hardwood planks, resting on cross-pieces. Between the cross-pieces cinders were tamped in, so that the planks rested on the cinders as well as on the cross-pieces. There were some holes knocked in the floor, presumably by flying pieces of iron. There were several entrances into the drop-house, the one in question being at the southwest corner. Two or three feet from this opening or doorway was a barrier of heavy planks, to prevent pieces of iron flying out while wheels were being broken. This barrier prevented a direct entrance into the doorway; it was necessary to pass be-

hind it and then turn into the doorway. The car from which plaintiff was unloading the wheels stood on a track four or five feet south of the drop-house, and plaintiff testifies that never before the time of the accident had he rolled wheels into the drop-house, but had rolled them from the cars on this track along the platform in front of the drop-house into the yard. He had, however, passed through the drop-house twice before. Upon the day in question plaintiff rolled a wheel on a plank from the car, then across the wooden platform, and thence into the drop-house. When he reached a point about a foot and a half or two feet inside the drop-house, another wheel which had been standing straight against the inside wall near the door, fell and struck him on the leg, "pressing him onto a pile of scrap." Plaintiff testified that the injury to his leg prevented him working for about five months.

The case had been tried twice, the first time resulting in a verdict for the plaintiff, and the damages were assessed at $500. A motion for a new trial was made and granted, and upon the second trial the jury found the defendant guilty and assessed the damages at $200. Judgment was entered on this verdict. No evidence was offered on behalf of the defendant, and at the conclusion of the plaintiff's case the defendant requested the court to give an instruction finding the defendant not guilty, which motion was denied and the written instruction tendered was marked "refused."

The court instructed the jury orally, and at the conclusion of the oral charge defendant's counsel requested the court to instruct the jury "that from the mere fact alone that the defendant offered no evidence the jury is not warranted in drawing any inference against the defendant." Thereupon the court stated: "The court refuses that instruction; they are permitted to draw inferences." Defendant's counsel then asked: "From the mere fact alone that the de-

fendant offered no evidence?'' And the court replied,
''Yes.'' These proceedings were in the presence and
hearing of the jury. We are of the opinion that the
refusal to give the instruction requested, and making
the statement above mentioned, by the court in the
hearing of the jury, was prejudicial error. Gibbons v.
Chapin & Gore, 147 Ill. App. 575.

In the original statement of claim the negligence al-
leged is that defendant provided plaintiff with a dan-
gerous and unsafe place to work, in that plaintiff was
compelled to work near and about certain large and
heavy wheels which were likely to and would fall,
which fact defendant knew or ought to have known,
and plaintiff did not know, and that one of said wheels
rolled and fell upon plaintiff. It is at once obvious
that there can be no recovery on this claim. The fact
that these wheels were heavy and liable to roll and
fall was an ordinary hazard incident to his employ-
ment, and as well known to plaintiff as to anyone.

On the second trial, after all the evidence had been
heard and the cause argued to the jury, plaintiff was
permitted to file his amended statement of claim over
the objection of defendant. In this amended statement
of claim the negligence of defendant is alleged to be
the furnishing to the plaintiff of an unsafe and dan-
gerous place to work, in that, the floor of the place in
which plaintiff was working was unsafe and danger-
ous. Most of the evidence and the argument concerns
the condition of the floor in the drop-house, with
special reference to whether or not the wheel fell on
plaintiff because of the shaking of the plank on which
it stood. We have read the record of all the evidence
heard on the trial. There is nothing therein which
informs this court as to what caused the wheel to fall.
There is nothing said by anyone as to who placed the
wheel in its position next to the wall, apparently stand-
ing straight against the wall. Only one witness at-
tempts to give any explanation. His opinion is that

the plank shook. He says he did not see the plank on which this wheel was standing shake, but he argues that "it had to shake," presumably from the fact that rolling these heavy wheels across the floor would cause the planks to shake more or less. The only statements touching the shaking of the plank are of so inferential and argumentative a nature as to furnish no basis for believing that this was the cause of the wheel falling. There is also good ground for believing that the barrier across the doorway of the drop-house prevented anyone seeing the cause of the accident. However, assuming that there was some evidence tending to show that the floor shook when car wheels weighing over 600 pounds were rolled over it, was not this one of the ordinary hazards incident to the employment of plaintiff? We think it was. It is equally apparent that this fact would be as well known to the plaintiff as to the defendant. He must have observed during his three months of handling heavy car wheels that the planking over which they rolled would shake more or less. The fact that this shaking at the time of the accident may have occurred in the planking of the drop-house makes no material difference.

The evidence wholly fails to show that the accident resulted from any negligence of the defendant. The floor of the drop-house was constructed of hardwood planks laid on cross-pieces, between which were cinders tamped even with the top of the cross pieces, so that the planks lay on the cinders and the cross-pieces, apparently a solid foundation. The only evidence as to a defect in the floor is summed up in the statement that "the floor was old; the boards of the floor were old and there were holes knocked into them." While this evidence may be relevant under the allegations of the statement of claim that the floor was unsafe, there appears no connection whatever between the age of the boards or the holes in them, and the falling of the wheel. As to the shaking of the floor, defendant could

hardly have been expected or required to build a floor which would be entirely free from vibration or shaking while heavy car wheels were being rolled across it. The absence of any negligent conduct by the defendant which resulted in the accident complained of makes this judgment against it erroneous. Sack v. Dolese, 137 Ill. 129; Diamond Glue Co. v. Wietzychowski, 227 Ill. 338.

Attorney for plaintiff urges the general proposition that a verdict may well be founded on circumstances of which the jury is the best judge, but in the case at bar to allow this judgment to rest upon the evidence presented would be to permit a judgment based upon mere speculation as to the facts. The jury should not guess as to the fact of negligence. In our opinion the trial court committed reversible error in refusing to give to the jury, at defendant's request, an instruction requiring the jury to bring in a verdict of not guilty.

We find that the defendant was not guilty of negligence as charged.

For the reasons above stated this judgment is reversed.

*Reversed with finding of fact.*