**John Gibbons, Appellee, v. William Adams Company and Chapin & Gore, Appellants.**

**Gen. No. 16,949.**

1. APPEALS AND ERRORS—*where on second trial evidence lacking at first trial is supplied.* Where plaintiff was injured by falling through a hole in the fifth floor of a certain building and a judgment in his favor is reversed and remanded because there was not sufficient evidence that defendants had control or supervision of the building, and at the second trial sufficient evidence is supplied, the judgment rendered at this trial is affirmed.

2. NEGLIGENCE—*question of fact for jury.* In a personal injury action the question whether plaintiff exercised due care for his own safety is a question of fact for the jury to determine from the evidence.

3. JOINT LIABILITY—*for personal injuries.* Where plaintiff is injured by falling through an unguarded hole in a building, the

contractor who is liable because of a common-law obligation, or one imposed by both the common-law and an ordinance, and the owner who is liable under an ordinance only, are jointly liable.

4. PERSONAL INJURIES—*when owner of building is liable.* Where the architect who superintends all work done on a building is the agent of the owners, the owners have "a control or supervision" sufficient to make them liable for personal injuries resulting from failure to protect openings as required by ordinance.

5. JOINT LIABILITY—*of owner and contractor for violation of same duty.* Where an owner and a contractor violate the same duty in failing to protect an opening in the floor of a building, they are jointly liable, and it is immaterial that the duty of the owner arises merely by ordinance while the contractor is bound by the common-law as well as by the ordinance.

6. DAMAGES—*when judgment for personal injuries is not excessive.* A judgment for $4,000 as damages for injuries from falling through a hole in the fifth floor of a building is sustained, the verdict for $7,500 having been cut down by remittitur.

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed April 21, 1913. Rehearing denied May 5, 1913.

HORTON, WICKETT, MILLER & MEIER, for appellant William Adams Company.

LEWIS, FOLSOM & STREETER, for appellants Chapin & Gore; JOHN H. MILLER and RICHARD S. FOLSOM, of counsel.

No appearance for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

The plaintiff and appellee in this case on the evening of April 28, 1905, fell through an unguarded, uncovered and unprotected hole in the fifth floor of a building at 16 to 22 Adams street, belonging to and in process of construction for the corporation of Chapin & Gore, one of the appellants. He received thereby somewhat severe injuries and in January, 1906, he brought suit in the Superior Court against

Chapin & Gore, joining with that corporation as defendant another, the William Adams Company, alleging in his declaration that the William Adams Company was a contractor in charge of the construction of the building, that Chapin & Gore owned it, and that both defendants had the control or supervision of said building, which was in course of erection and was more than thirty feet high. He further alleged that as an employe of McNulty Brothers he was working in said building on April 28, 1905. In each of the first two counts of his declaration he set out, after these preliminary averments, two sections of an ordinance of the City of Chicago then in force, the material part being:

"It shall be the duty of all owners, contractors, builders or persons having control or supervision of all buildings in course of erection which shall be more than thirty feet high, to see that all stairways, elevator openings, flues and all other openings in the floors shall be covered or properly protected."

In said two counts he averred that by reason of the premises it became the duty of the defendants to see that all openings in the floors were covered or properly protected, but that they nevertheless negligently permitted an opening in the fifth floor to be and remain in an uncovered and improperly protected condition, so that the plaintiff, while in the exercise of ordinary care for his safety and while employed in said building, fell through said opening to his great injury and damage.

In a third count of the declaration he omitted to plead the ordinance, but alleging that he was employed on the fifth floor of said building in course of erection with the consent and permission of the defendants and was in the exercise of ordinary care for his own safety, averred that the two defendant corporations had possession and control of and supervision over said floor; that it was therefore their duty to exercise reasonable care and diligence to keep

the said floor in reasonably safe repair and condition and to allow no unprotected and unguarded openings to remain therein; that they neglected said duty, in consequence of which he fell through the opening and was injured.

The defendants each filed a plea of not guilty. On the trial of the cause in July, 1907, the jury returned a verdict in favor of the plaintiff for $5,000, on which a judgment was entered. The defendants brought the case to this court, which on March 22, 1909, reversed the judgment and remanded the cause to the Circuit Court, filing an opinion which may be found in 147 Ill. App. 575.

This court held that there was in the record no sufficient evidence that Chapin & Gore owned the building where the accident occurred, or that the Adams Company had a contract connected with the erection of the building at the time plaintiff was injured, ''or that the hole through which plaintiff fell was negligently permitted to exist by either of the defendants.'' The quotation is from the opinion of the court.

The opinion, however, further says that even assuming that Chapin & Gore were the owners of the premises and the Adams Company were contractors connected with the erection of the building, there was no evidence in the record that at the time of the accident they or either of them had ''control or supervision'' of the building. Such control or supervision the court held must exist to make the owner or contractor liable. It had been maintained by the appellee that on ''owners,'' ''contractors'' and ''builders'' of all buildings in course of erection a duty was imposed by the ordinance to see that openings in the floors should be ''covered or properly protected,'' and that the words ''having control or supervision'' in the ordinance limited only the word ''persons'' immediately preceding. This construction the court repudiated, and indeed the opinion says that the ordinance did not by itself ''create any liability against an

owner or contractor where no liability existed before its passage.''

The opinion further declares the refusal by the court below of two instructions tendered by the defendant was reversible error.

On the question of the contributory negligence on the part of the plaintiff, which was mooted below, the court declined to pass, saying that it was ''a question of fact primarily for the determination of the jury under the evidence when next tried, with pertinent instructions upon the law to aid them in solving what the evidence proves in this regard.''

The cause was redocketed in the Superior Court in June, 1909, and retried in June, 1910. Before trial Chapin & Gore gave notice to the plaintiff that it would under the general issue offer evidence regarding its ownership, and its lack of supervision and control, and after the plaintiff rested and before introducing evidence, filed said notice.

A motion had been previously made by each of the defendants for a peremptory instruction in its favor. The motions were denied.

The Wm. Adams Company offered no evidence. Chapin & Gore introduced in connection with the testimony of Richard E. Schmidt, the architect, a contract between Chapin & Gore as owners and one Thomas J. McNulty, doing business as McNulty Bros., as contractor for the plastering of the building in question, after which each defendant renewed its motion for a peremptory instruction, which was again denied. The jury found the defendants guilty and assessed the plaintiff's damages at seven thousand five hundred dollars. Motions for a new trial were made by each defendant, on various grounds, one of which was that the damages were excessive.

The plaintiff remitted the sum of thirty-five hundred dollars, and thereupon the court overruled the motions for a new trial. Motions in arrest of judgment were denied, and judgment was entered for four

thousand dollars. From this judgment the defendants appealed to this court. They have argued in this court that the court below should have sustained the defendants' motions for a peremptory instruction, that the verdict was so excessive as to show passion and prejudice, and that certain instructions tendered by the defendant, the William Adams Company, which should have been given were refused by the court.

The appellee entered no appearance in this court and we are unadvised of the views of his counsel on these matters and have been deprived of the assistance which the court desires to have and should have in all such cases. But we have made a very careful scrutiny of the record made on this last trial and do not feel justified in disturbing the judgment entered on this second finding against the defendants.

The defect of proof in relation to the ownership of the building by Chapin & Gore found by this court to exist on the first trial of this case was supplied on the second. The contract between Chapin & Gore and the Adams Co. "for the wrecking, piles and driving same, the mason work, excavating, fire proofing, concrete work, carpenter work and roofing" of the building and a contract between Chapin & Gore and McNulty (the employer of the plaintiff) for the plastering of the building were put in evidence, and the jury were instructed in accordance with the construction of the ordinance adopted by this court, that even if the plaintiff was injured by the failure of the servants or agents of the defendant William Adams Co. to properly protect and guard the opening in question, Chapin & Gore could not be found guilty unless the jury believed from a preponderance of the evidence that Chapin & Gore had control or supervision of the said building at the time the accident occurred.

The identical instructions refused on the first trial which this court says should have been given, were both given at the second trial with only slight and immaterial changes.

Much is said in the argument of appellants concerning the absence of proof that the plaintiff was in the exercise of due care for his own safety, at the time the accident occurred, but we think on a thorough consideration of all the evidence, which it would not be useful to discuss at length here, that this was, as the court when the cause was here before said it was, a question of fact for the determination of the jury under proper instructions. We think that the instructions given on this question were correct.

The absence in the transcript of any means, by numbers or otherwise, of identification in this opinion of the instructions tendered, given or refused, except by setting them out in full, would render too prolix a description and comparison of them should we attempt to point out the reasons for our conclusion, that as applied to the evidence in this case the jury were fully and fairly instructed on the defendants' theory of the case without the giving of the four, the refusal of which is complained of by the defendants.

The actual questions in this case were: Did the defendant the William Adams Company in violation of a duty imposed on it either by the common law or by ordinance, or by both, leave uncovered an opening in a floor which it was building and which it was still concerned with, through which hole the plaintiff, without contributory negligence, fell? And: Did Chapin & Gore, the owner, have "control or supervision" of such building at the time? These were mixed questions of law and fact. To these questions may be added one of law purely, namely: If both defendants were liable, the one defendant because of a common-law obligation, or of one imposed by both the common law and an ordinance, and the other defendant because of an obligation imposed by an ordinance only, could they be held jointly liable in this action? We think that all these questions under the evidence and the law can be and should be answered affirmatively.

It is clear that the Adams Company were engaged

in the carpenter work in the building at the time of the accident—not indeed at that precise minute when this plasterer, who was working overtime, fell, but during the usual working hours of the period in which the accident occurred, and that this company had built the floor and left the opening.

It is equally clear from the evidence that Chapin & Gore had retained "a control or supervision" of the building through the architect, who was its agent and superintendent for all the work in the building, a part only of the construction of which was in the hands of the Adams Company. The liability of Chapin & Gore does not spring from the order given to the plaintiff by the representative of the architect to go through the practically unlighted building on the errand which led to his fall through the unguarded opening; but that order and all the attendant circumstances emphasize the fact that there was "control or supervision" by Chapin & Gore through their architect of the building while in process of construction.

As to the joint liability as "joint tort feasors," we are of opinion that even if it cannot be held that both parties were jointly liable under the common law, because both jointly were in control of the building and both were negligent in leaving the opening unprotected, yet it must be held under our view of the facts and the law that each were liable for a violation of the same duty, namely, to protect the hole or opening. The Adams Company was bound to perform that duty by the common law as well as by ordinance—Chapin & Gore by virtue merely of the ordinance perhaps. But if the sources of the duty were different, the duty was exactly the same, which differentiates the case from those like Dutton v. Borough of Lansdowne, 198 Pa. St. 563, in which courts have held that a municipality and an abutting property owner cannot be sued jointly to recover damages for injuries caused by a defective sidewalk, because the duties violated were different.

Complaint is made of the amount of damages assessed by the jury, which it is said was so excessive as to show passion and prejudice, and to make the error shown by it irremediable by remittitur. Even after the remittitur the amount of the judgment, it is maintained, is much too large for the injuries proven.

The damages assessed by the jury do seem very large to us; but it must not be ignored in considering this case, that with the man before them, two juries in succession have given to him damages greater than the amount of the present judgment, and that the second one increased by twenty-five per cent. the amount agreed on by the first. We can hardly suppose that "passion and prejudice," for which there would seem no ostensible cause, controlled twenty-four jurors during the hearings of this cause. The judgment was very drastically cut down below the amount of the verdict by the remittitur, and the doctrine that by this means error, solely shown by the excessiveness of the verdict, may be remedied, is too firmly established in this state to require citation of authority. We do not think that we should send this cause back for a retrial on this ground. The judgment is not too large if the statements of the plaintiff himself, with their legitimate inferences, are to be given full credence.

The judgment of the Superior Court is affirmed.

*Affirmed.*